### PENDLETON v. FRIEDMAN et al.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. FRAUDULENT CONVEYANCES (§ 259*)—ACTION TO SET ASIDE—PLEADING RECOVERY OF JUDGMENT—COURT OF LIMITED JURISDICTION.

In an action to set aside a fraudulent transfer of property, the complaint, which alleged that the judgment was recovered against the debtor in a Municipal Court and docketed in the office of the clerk of the county, and that supplemental proceedings thereon were duly instituted in the City Court, was fatally defective, for not stating facts showing that the Municipal Court had jurisdiction to render the judgment against the debt-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or on which the present action is based; that court only having a limited jurisdiction, so that there is no presumption of jurisdiction.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 764, 765; Dec. Dig. § 259.*]

2. FRAUDULENT CONVEYANCES (§ 264*)—ACTION TO SET ASIDE—SUFFICIENCY OF COMPLAINT.

Under Code Civ. Proc. § 1872, providing that, to entitle a judgment creditor to maintain an action to discover property held in trust for the debtor, etc., the execution must be issued to the sheriff of the county in which the debtor resides, if at the commencement of the action he resides in the state, and, if not, to the sheriff of the county where he has an office for the regular transaction of business, an allegation, in an action to set aside a fraudulent conveyance by the judgment debtor, that execution was issued to the sheriff of the county where the debtor had a place of business was insufficient, the debtor not residing there; there being no allegation that the debtor resided out of the state, so as to show that execution was issued to the proper county.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 767, 768; Dec. Dig. § 264.*]

3. EXECUTION (§ 411*)—RECEIVER IN SUPPLEMENTARY PROCEEDINGS—ACTION TO SET ASIDE FRAUDULENT CONVEYANCE—PLEADING.

In an action by a judgment creditor to set aside a transfer by the debtor for fraud, the complaint must allege the proper issuance of execution against the debtor and its return unsatisfied; and the same rule applies to such an action by a receiver of a judgment debtor appointed in supplementary proceedings, since he represents both the creditor and debtor in such action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1190; Dec. Dig. § 411.*]

Appeal from Special Term, New York County.

Action by Howard Pendleton, Jr., as receiver of the property of Hyman Friedman, against Hyman Friedman, impleaded, etc. From an order denying a motion for judgment upon the pleadings, defendant Friedman appeals. Reversed, and motion granted, unless plaintiff amends.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Nathan April, for appellant.
George B. Breckenridge, for respondent.

HOUGHTON, J. One Caroline Glatner is alleged to have obtained judgment in the Municipal Court of the city of New York, borough of Manhattan, Eighth district, against the defendant Friedman, and subsequently to have instituted supplementary proceedings thereon, in which proceeding this plaintiff was appointed receiver of the property of the judgment debtor. He brings this action to set aside a transfer of property claimed to have been made by the defendant Friedman in fraud of his creditors. The defendant interposed an answer, and under the right given by section 547 of the Code of Civil Procedure moved for judgment dismissing the plaintiff's complaint, insisting that it stated no cause of action, because it failed to allege facts showing jurisdiction in the Municipal Court to render judgment against the defendant, and because it failed to show that execution

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereon had been properly issued. This motion was denied, and he appeals.

The complaint simply states that Caroline Glatner recovered judgment against the defendant Friedman in the specified Municipal Court for a certain sum, and that such judgment was docketed in the office of the clerk of the county of New York, without stating any facts showing that the Municipal Court had jurisdiction to render judgment against the defendant. The Municipal Court is one of limited and special jurisdiction, and, when a judgment rendered therein forms the basis of any action or judicial proceeding, jurisdiction must be pleaded and proved, for there is no presumption in its favor. Friedman v. Metropolitan Steamship Co., 109 App. Div. 600, 96 N. Y. Supp. 331.

It is urged that the allegation of the complaint setting forth that the judgment was docketed in the clerk's office of the county of New York, and that supplementary proceedings thereon were duly instituted in the City Court, and that this plaintiff was duly appointed receiver therein, cures this defect. We think not. The judgment is the basis of this action, and jurisdiction in the court which rendered it must appear.

We are of opinion, also, that the complaint is fatally defective in failing to allege sufficient facts with respect to the issuing of an execution. It is alleged that the execution was issued to the sheriff of the county of New York, where the judgment debtor then had and still has a place for the regular transaction of business in person. An issue of execution to the sheriff of the county where the judgment debtor has, at the commencement of the proceeding, a place for the regular transaction of business in person, is sufficient upon which to found supplementary proceedings. Section 2458 of the Code of Civil Procedure prescribes that supplementary proceedings lie where an execution has been issued, either to such county, or, if the judgment debtor is a resident of the state, to the sheriff of the county where he resides. The issue of execution, however, upon which to found a judgment creditor's action, is regulated by section 1872 of the Code. This section provides as follows:

"To entitle the judgment creditor to maintain an action as prescribed in the last section, the execution must have been issued as follows: (1) If at the time of the commencement of the action the judgment debtor is a resident of the state, to the sheriff of the county where he resides. (2) If he is not then a resident of the state, to the sheriff of the county where he has an office for the regular transaction of business in person."

If the defendant was a resident of the state, it therefore was not sufficient to issue an execution to the county in which he did not reside, but in which he had an office for the regular transaction of business in person. If he was not a resident of the state, the complaint should have so alleged, and thus disclosed that the execution was issued to the proper county. In an action by a judgment creditor to set aside a transfer of his judgment debtor on the ground of fraud, the complaint must allege the proper issuing of the execution and its return unsatisfied. Adsit v. Butler, 87 N. Y. 585.

The plaintiff seeks to avoid this conceded requirement of the law because he is not the judgment creditor himself, but is a receiver ap-

pointed in supplementary proceedings. While it is true that the judgment creditor does not bring the action, the receiver stands in her shoes. He acts in a dual capacity, both for the judgment creditor and the judgment debtor, and he can bring an action at law which the judgment creditor could bring, to recover property which belonged to him; and he also can bring an action in equity to set aside a fraudulent transfer by the judgment debtor, which the judgment creditor could bring. When he brings the one or the other, he stands in place of the one whom he represents, and is governed by the same rules of law which apply to the one or the other. Stephens v. Meriden Brittannia Co., 160 N. Y. 178, 181, 54 N. E. 781, 73 Am. St. Rep. 678.

The fatal defects existing, it was error for the learned Special Term to refuse to grant the defendant's motion for judgment and to dismiss the plaintiff's complaint.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, unless the plaintiff amends his complaint and pays the costs of the action and costs in this court within 20 days after the service of this order. All concur.