RANDALL NAUMAN and Another, Doing Business as RANDALL NAUMAN & Co., Respondents, *v.* DRURY S. SANFORD and Another, Appellants, Impleaded with CLARENCE T. SANFORD, Defendant.

Third Department, January 6, 1926.

**Fraudulent conveyances — creditor's action to set aside fraudulent transfer of debtor — complaint must, under Civil Practice Act, §§ 1189 and 1190, allege issuance of execution to sheriff of county wherein debtor resides.**

The complaint in a judgment creditor's action to set aside an alleged fraudulent conveyance must, under sections 1189 and 1190 of the Civil Practice Act, allege that an execution was issued on the judgment to the sheriff of the county wherein the judgment debtor resided and that it was returned wholly, or in part, unsatisfied.

APPEAL by the defendants, Drury S. Sanford and another, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Warren on the 25th day of May, 1925, denying their motion for judgment on the pleadings.

*H. Prior King* and *Harry T. Weeks* [*J. S. Carter* of counsel], for the appellants.

*Bate, Boyd & Swinnerton* [*Daniel F. Imrie* and *L. R. Lewis* of counsel], for the respondents.

COCHRANE, P. J. Plaintiffs as assignees of a judgment against the defendant Drury S. Sanford bring this action to set aside a transfer of real estate made by him through the defendant Clarence T. Sanford to the defendant Addie H. Sanford on the ground that such transfer was fraudulent as to the judgment creditors of said Drury S. Sanford. The property is located in Warren county. The defendants reside in this State but in what county does not appear. The complaint alleges that execution on said judgment was issued against the property of the defendant Drury S. Sanford to the sheriffs of Queens and Warren counties and that such executions have been returned unsatisfied. In *Pendleton* v. *Friedman* (135 App. Div. 420) it was said: " The issue of execution, however, upon which to found a judgment creditor's action is regulated by section 1872 of the Code. This section provides as follows: ' To entitle the judgment creditor to maintain an action as prescribed in the last section, the execution must have been issued as follows: 1. If at the time of the commencement of the action the judgment debtor is a resident of the State, to the sheriff of the county where he resides.' * * *." It

was held in that case that the complaint was fatally defective in not complying with said section 1872 of the Code of Civil Procedure. That action like this was brought to set aside a transfer of property claimed to have been made by one of the defendants in fraud of his creditors. Sections 1189 and 1190 of the Civil Practice Act supersede sections 1871 and 1872 of the Code of Civil Procedure without substantial change. In the case of *National Tradesmen's Bank* v. *Wetmore* (124 N. Y. 241, 248) it was said: " The action certainly could not, as a creditor's bill, under the statute, be maintained, because recovery of a judgment and the return unsatisfied of an execution issued upon it, are essential prerequisites for that purpose. (2 R. S. 173, § 38; Code, § 1871.) And it has become the settled rule in this State not to dispense with those preliminary proceedings at law, although it may be made to appear by evidence that no benefit could result to the creditor from them. (*Estes* v. *Wilcox*, 67 N. Y. 264; *Adsit* v. *Butler*, 87 id. 585.) " This complaint is insufficient because it fails to allege that the execution was issued to the sheriff of the county where the judgment debtor resided.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to serve an amended complaint on payment of such costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve amended complaint on payment of such costs.