SARAH OLINER, Respondent, *v.* THE AMERICAN-ORIENTAL BANKING CORPORATION, Appellant.

Second Department, July 8, 1937.

*Jacob Krisel,* for the appellant.

*Harold H. Feigin,* for the respondent.

HAGARTY, J. This action is for the appointment of a permanent receiver, pursuant to section 977-b of the Civil Practice Act. This section became effective on the 8th day of June, 1936, and marks a distinct change in the policy of this State with respect to the disposition of property situated here but which belongs to a foreign corporation that has ceased to do business for any reason, or has been dissolved, liquidated, or nationalized.

The purpose of this statute, clearly, is to administer the distribution of such assets in this State, irrespective of the scheme of distribution promulgated in any other State inclusive of the domicile of the foreign corporation. The statute provides that in an action commenced by any domestic or foreign creditor or stockholder of such a corporation, or by any plaintiff on whose behalf a warrant of attachment has been, or may hereafter be, issued, upon setting up the requisite jurisdictional facts, the court may appoint a temporary receiver to take possession of the assets and property

of the foreign corporation in this State, and, after trial of the jurisdictional facts, if the allegations are upheld, appoint a permanent receiver to make distribution by making payment of claims in a designated order after notice is given to creditors filing proofs of claim. Subsequently, and within the discretion of the court, the surplus, if any, may be turned over to the receiver or liquidator appointed in the domicile of the corporation, provided, of course, such receiver or liquidator proves his right thereto.

In addition to approval of the reasoning of the learned Special Term justice, I am of opinion that section 977-b of the Civil Practice Act enunciates the public policy of this State to administer, through a receivership of this State, the property of a foreign corporation that has ceased to do business, irrespective of whether a foreign liquidator obtains title in a voluntary or involuntary manner. The statute, in providing for jurisdiction where a foreign corporation " has heretofore been or is hereafter * * * liquidated " or " has heretofore ceased or hereafter ceases to do business, whether voluntarily or otherwise," clearly contemplates its application to liquidation instituted prior to the time it went into effect, so long as physical possession of the property is available here. In my opinion, jurisdiction of the *res* is in this State and the statute is constitutional. (*Clark* v. *Williard*, 294 U. S. 211; *Warner* v. *Jaffray*, 96 N. Y. 248, 254, 255; *Betz* v. *New Jersey Refrigerating Co.*, 231 App. Div. 553; *Popper* v. *Supreme Council*, 61 id. 405.)

The order granting plaintiff's motion for an order striking out the answer and directing the entry of judgment for plaintiff, in an action commenced pursuant to section 977-b of the Civil Practice Act for the appointment of a permanent receiver of assets of a foreign corporation in liquidation, should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., DAVIS, JOHNSTON and CLOSE, JJ., concur.

Order granting plaintiff's motion to strike out the answer and directing the entry of judgment for plaintiff affirmed, with ten dollars costs and disbursements.