JEROME BERNHEIM, as Receiver of the Property of ANNA METZELAAR, Appellant, *v.* HERBERT O. BURDEN, Respondent, Impleaded with ANNA METZELAAR and WILLIAM METZELAAR, Defendants.

First Department, January 28, 1938.

*Morris Siegel,* for the appellant.

*Hyman Greenberg,* for the respondent.

UNTERMYER, J. The action is by the receiver of the defendant Anna Metzelaar to set aside an assignment to the respondent Burden, her attorney, of a part of her interest in a mortgage on real property owned in common with the defendant William Metzelaar. The complaint, which, upon motion of the defendant Burden,

was dismissed by the Special Term as insufficient in law, alleges that the assignment was without consideration and that it was given to hinder, delay and defraud one Helen Metzelaar, a judgment creditor of the defendants Anna and William Metzelaar. It further alleges the appointment of the plaintiff as receiver of the property of Anna Metzelaar, but fails to allege compliance with those provisions of sections 1189 and 1190 of the Civil Practice Act which require that an execution shall have been issued to the sheriff of the county where the judgment debtor resides and returned unsatisfied. For that reason the Special Term granted said defendant's motion and dismissed the complaint.

Assuming the complaint to be insufficient to satisfy the statutory requirements of sections 1189 and 1190 of the Civil Practice Act (*Pendleton* v. *Friedman*, 135 App. Div. 420), we think it adequately sets forth all the elements of a cause of action within article 10 of the Debtor and Creditor Law relating to fraudulent conveyances. Under that article, as added by chapter 254 of the Laws of 1925, the creditor is no longer required to reduce his claim to judgment before availing himself of the right to set aside a conveyance as fraudulent (*American Surety Co.* v. *Conner*, 251 N. Y. 1), nor does he, by reducing the claim to judgment, incur the necessity of causing an execution to be issued thereon. *Nauman* v. *Sanford* (215 App. Div. 58) holds nothing to the contrary. The record in that case discloses that the action there under consideration was instituted in October, 1924, and was thus excluded from the operation of article 10 of the Debtor and Creditor Law, enacted by chapter 254 of the Laws of 1925, which, effective April 1, 1925, expressly provides that " this act shall not affect any action or proceeding now pending in any court."

The circumstance that the action is by a receiver does not identify the cause of action as within sections 1189 and 1190 of the Civil Practice Act, for an action is likewise maintainable by a receiver to set aside a fraudulent conveyance under the Debtor and Creditor Law. (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178.) In determining the sufficiency of the complaint it must be tested by the statute under which the cause of action is maintainable rather than by a statute under which it cannot be maintained.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.