SOCIETY MILION ATHENA, INC., and LOUCAS A. AGGELOPOULOS, Suing in Their Own Behalf, etc., Plaintiffs, *v.* NATIONAL BANK OF GREECE and Others, Defendants.*

Supreme Court, Special Term, New York County, December 6, 1938.

---

* Affd., 256 App. Div. 804. See, also, 166 Misc. 190; affd., 254 App. Div. 728.

*Alexander D. Diamond* [*I. Gainsburg, A. D. Diamond* and *S. Gottlieb* of counsel], for the plaintiffs.

*Cardozo & Nathan,* for the defendants.

LAUER, J. Two motions are presented to the court for determination. The first is a motion by the defendants (1) for an order dismissing the amended complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action as to each and all of the defendants, or, in the alternative, for an order directing the service of a second amended complaint which (a) shall omit causes of action other than those of the individual plaintiffs, in that the action cannot be maintained by the plaintiffs in a representative capacity and that there is a misjoinder of parties plaintiff under rule 102 of the Rules of Civil Practice, and (b) shall omit all allegations and descriptive portions relating to a representative character of the action under rule 103 of the Rules of Civil Practice, and (c) shall separately state and number the respective causes of action of each individual plaintiff in that they are separate and distinct from each other, under rule 90 of the Rules of Civil Practice and section 255 of the Civil Practice Act. The other motion is a cross-motion by the plaintiffs for the appointment of a receiver of the funds, property and assets within the State of New York of the defendant National Bank of Greece, a foreign private banking corporation, and for the issuance of an injunction against the removal, disposition of, or interference with such funds, property or assets.

Inasmuch as the motion for a receiver must be predicated upon a valid complaint, the motion to dismiss will be considered first. An examination of the complaint discloses the following facts: The action is based on certain alleged fraudulent and unlawful activi-

ties of the defendant National Bank of Greece (hereinafter referred to as " National Bank ") while it was operating an agency within this State under a limited license issued to it yearly by the Superintendent of Banks. Plaintiffs allege that the limited license did not include authority to receive deposits and such conduct was expressly prohibited by law. Notwithstanding its limited powers and the prohibitions placed upon it, the defendant National Bank is alleged through its agency and through its subsidiary, the codefendant Hellenic Bank Trust Company (hereinafter referred to as " Hellenic "), to have received from more than five thousand persons throughout the United States deposits running into several millions of dollars. It is the plaintiffs' contention that Hellenic was organized and controlled by National Bank for the purpose of receiving deposits. All the moneys are alleged to have been received as deposits at a banking establishment within the State jointly operated by the agency of the defendant National Bank and the defendant Hellenic under one and the same management and with the same personnel but were as and when received unlawfully removed beyond the jurisdiction and supervision of the banking authorities of the State to branches of the defendant National Bank, in Greece.

It is further alleged that upon the insistence of the Banking Department to wind up the affairs and discontinue the agency, the defendant National Bank agreed to do so, and that the last renewal of the license was issued solely for that specific purpose. During the period of that renewal the moneys received as deposits were allegedly misappropriated under the guise of confiscatory decrees issued by the Greek government. Two further extensions were secured for the alleged purpose of completing the winding up, and misconduct with the intent of defrauding creditors during that period is charged. Thereafter the agency of National Bank was discontinued, but it is alleged that the business of, for and on behalf of National Bank has been continued through Hellenic up to the present time. Plaintiffs allege that certain funds and assets were kept within the State under cover and beyond the reach of creditors by National Bank with the aid of Hellenic.

The action is brought by the plaintiffs as depositors or creditors, in behalf of themselves and all others similarly situated, to compel a winding up of the affairs of the agency, to reach the property and assets allegedly fraudulently transferred and concealed and to subject the same to the payment of debts, to establish the liability of the defendants by reason of said activities, and for other appropriate and incidental relief.

For the purposes of this motion, which is one on the pleadings, it is assumed that the facts contained in the complaint are true.

The summons and complaint herein were originally served in July, 1937. A motion was made to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action as to each and all of the defendants. The motion was denied without opinion, and upon appeal the Appellate Division affirmed the order, but in a *per curiam* opinion said: " Although we are of the opinion that the action cannot be maintained by the plaintiffs in a representative capacity, the motion to dismiss the complaint as not stating facts sufficient to constitute a cause of action must be denied." (253 App. Div. 650.) The defendants herein have seized upon this statement of the Appellate Division as a ground for dismissing the present amended complaint, which is in the nature of a representative suit.

An analysis of the prior complaint evidences that it consisted of two causes of action, both in the nature of common-law fraud and deceit arising from false representations. In the instant case, although fraudulent conduct is alleged upon the part of the defendants, the complaint sets forth a cause of action in the nature of a creditors' bill to reach property and assets and subject the same to satisfaction of debts. The present complaint sounds in equity, not in law, and I do not believe that the plaintiffs are precluded from seeking relief in a representative suit by reason of the decision of the Appellate Division, *supra*. The present complaint has not been before the Appellate Division, and that court's decision should be confined to the complaint which was therein presented. The plaintiffs were within their rights in the service of an amended complaint containing a new and different cause of action (*Matter of Miller*, 162 Misc. 563; *Deyo v. Morss*, 144 N. Y. 216), and said amended complaint must be examined *de novo*.

Does the amended complaint allege a valid representative action? It is the defendants' contention that plaintiffs are not representative of the so-called five thousand claimants. They urge that the pleading admits that each claimant made an independent deposit, at different times, and that the dates on which such deposits were to be repaid varied in almost each instance. It is the defendants' position that each deposit is an independent and separate contract, the terms of which are established in each case independently of the other deposits, and that since the rights are singular and personal rights which flow from independent contracts, they cannot be converted into common rights. The defendants contend that a representative action cannot be maintained unless it appears that the plaintiff not only has a cause of action, but that he is representative of a common or general interest of others. In the instant case, I believe that the plaintiffs may be said to be representative

of a common right or general interest of others. While it is true that separate deposits were made in the National Bank, the moneys were received through the continued misfeasances of said defendant. All the depositors, if the plaintiffs' allegations are true, were subjected to the same fraudulent representations made in newspaper advertisements. All of the depositors had their funds taken from them unauthorizedly and they are all victims of the same continued wrongdoings of the defendant National Bank. While the amounts and dates of the deposits might have been singularly different, the alleged fraud and misfeasance of the said defendant were the same, and if the said defendant misconducted itself, such misconduct would be equally true in all cases. It would seem that the interest of all the depositors is centered on whether or not the defendants were wrongdoers, and the power of the law would be innocuous indeed if it required the separate institution of thousands of suits for the determination of claims which are predicated upon one basic continued wrongdoing. It would seem, therefore, that the plaintiffs are representatives of a community of interest.

Furthermore, the defendant National Bank obtained the extension of time from the Superintendent of Banks on the agreement that it would liquidate its affairs. Thus the plaintiffs urge, and properly so, that an agreement was entered into for the benefit of the claimants of the defendant National Bank, including persons similarly situated to the plaintiffs. Certainly it would seem that the plaintiffs and all the other depositors and claimants are in similar positions, and on this ground, as well, the plaintiffs are representative of interest of others. The defendants' contention that the plaintiffs are suing as representatives of a limited class is not sustained by examination of the pleading, as the allegations are made throughout on behalf of " claimants " and are not limited solely to the depositors. The defendants urge that in order to have a representative suit it is necessary that a common fund be in existence against which claim is made. I do not feel that this argument is a valid one. It must be remembered that the defendant National Bank accepted banking deposits. In winding up its affairs in a jurisdiction where it could no longer do business, the defendant National Bank held the funds of its depositors in a similar position to liquidators of an insolvent corporation and a trust attached to the funds so held as a matter of law, and the liquidators were in the position of trustees. Furthermore, the complaint alleges the fraudulent transfer of 9,600 shares of stock. This is a fund which should be subject to the valid claims of all the creditors. The amended complaint also alleges other funds which are presently in existence. While it is true that these funds may be difficult

to reach, that in itself should not defeat the plaintiffs' efforts to recover the property which allegedly was fraudulently transferred. While it may be urged that the National Bank is not in liquidation, the allegations of the amended complaint are to the effect that it was insolvent prior to the Greek monetary decrees revaluating the drachma and that by reason of those decrees moneys are not available to the American depositors, as originally agreed.

It has been uniformly held in this State that a court of equity will grant relief against the property or assets of a foreign corporation when situated in this State, even at the suit of a general creditor, with a view to effecting an equitable distribution of the assets of such corporation among domestic creditors. (*Atlantic Dredging Co.* v. *Beard*, 145 App. Div. 342; affd., 203 N. Y. 584; *Mitchell* v. *Banco de Londres y Mexico*, 192 App. Div. 720; *Issaia* v. *Russo-Asiatic Bank*, 266 N. Y. 37; *Oliner* v. *American Oriental Banking Corp.*, 252 App. Div. 212, 213.)

The fact that the plaintiffs here are not judgment creditors does not preclude them from the relief sought, as is urged by the defendants. Article 10 of the Debtor and Creditor Law obviates the necessity of a judgment being first obtained. As was said by the late Judge CARDOZO in *American Surety Co.* v. *Connor* (251 N. Y. 1, at pp. 7, 8), referring to this article: " We think the effect of these provisions is to abrogate the ancient rule whereby a judgment and a lien were essential preliminaries to equitable relief against a fraudulent conveyance. The Uniform Act has been so read in other States * * *. The creditor may reject the aid of equity, and levy attachment or execution at law (§ 278, subd. b), as he might before the statute. He may seek the aid of equity, and without attachment or execution, may establish his debt, whether matured or unmatured, and challenge the conveyance in the compass of a single suit." (See, also, *Bernheim* v. *Burden*, 253 App. Div. 232; *Meyer Connor & Co.* v. *United Founders Corp.*, 238 id. 642, 646.)

Furthermore, it would seem equitable to all the depositors that equity take jurisdiction under the facts and circumstances alleged in the complaint. By permitting a representative suit, no priority against the funds or assets of the defendant National Bank will be obtained by any single creditor. All depositors and claimants will come in on the same footing and receive their proportionate share in any distribution. This seems eminently fair, inasmuch as the small depositor may be incapable of participating in extended litigation and would suffer by the depletion of the defendants' assets by a larger depositor who is financially able to pursue a remedy at law to its ultimate end.

The defendants urge that in any event the plaintiffs have failed to state a valid cause of action as against the directors who are named as party defendants. Defendants contend that any claim against the directors is wholly derivative and that an action cannot be pursued against them unless the plaintiffs in the present action are judgment creditors. An examination of the complaint shows that the individual defendants are alleged to have known, as directors, of the illegal acts which were being committed and to have participated in the wrongdoing. It is well settled that officers and directors are equally accountable and are properly included in an action based upon the illegal and wrongful acts in the winding up of the affairs of a bank and a right of action runs directly to the depositors as a class. (*Boyd* v. *Schneider*, 131 Fed. 223.) It would seem, therefore, that a valid cause of action is alleged as against the individual defendants.

To sum up the allegations of the complaint, the following salient facts are stated in it: All claims arise out of the same alleged fraudulent scheme of the defendants; all claimants have a common interest in the enforcement of the agreement made for their benefit to wind up the business and affairs of the agency by paying their claims, and they also have a common interest and are entitled to share *pro rata* in the property and assets sought to be reached by the action. Furthermore, there are now pending a number of actions in some of which attachments were issued and the property and assets in question were levied upon. Public policy to avoid multiplicity of suits in itself recommends the interference of a court of equity on behalf of all claimants (*Kellogg* v. *Siple*, 11 App. Div. 458), as much "for the relief of the courts and to do justice among the claimants" (*Guffanti* v. *National Surety Co.*, 196 N. Y. 452, 457) as for the purpose of putting a stop to the continued alleged fraudulent activities of the defendants. I feel, therefore, that a valid cause of action has been stated by the plaintiff.

Regarding the prayer for alternative relief, which seeks that the plaintiffs shall omit all allegations and descriptive portions relating to an action in a representative character, such relief is denied. This follows as a result of the decision heretofore reached by me to the effect that a valid representative action has been set forth in the complaint. Neither do I feel that there is any necessity for separately stating and numbering the respective causes of action of each individual plaintiff. One cause of action is set forth in the complaint, and that is to reach property which is applicable to the payment of plaintiffs' claim against it.

Having decided that a valid cause of action has been stated, it now becomes necessary to determine whether or not the plaintiffs

in the instant case are entitled to have a receiver appointed. Whereas on the motion to dismiss the complaint it is assumed as a matter of law that the statements contained in the complaint are true, on an application such as this the question is no longer that of assuming the truth of the allegations of the complaint, but is rather one based upon the proof which is supplied by the moving papers. The affidavits which have been presented for consideration have caused grave doubts in my mind as to the propriety of the defendants' conduct. I feel, without going into details, that the defendants have been guilty of sharp practice in their dealings with the claimants in this action. It would seem that the depositors who gave their money as a result of the advertisements published in various newspapers by the defendants National Bank and Hellenic were defrauded. There is considerable reason to believe that the defendant National Bank was in a measure responsible for the revaluation of the drachma to the harm of the American depositors. There appears sufficient reason to believe that the defendant National Bank used the defendant Hellenic as a cover for lawfully conducting business and receiving deposits in this State.

The plaintiffs' position is considerably substantiated by the testimony of witnesses taken before trial in other actions. Defendants' argument that the admissions made by former representatives of the defendant National Bank and officers of the defendant Hellenic are not proper subjects for consideration in this action, is invalid. The cases cited by defendants do not sustain their contention. The plaintiffs here do not seek summary judgment on admissions made in another action. The appointment of a receiver, if made, is not a final determination of the defendants' responsibility to the plaintiffs. As was said in *Hanssen* v. *Pusey & Jones Co.* (276 Fed. 296, 298): " It is to be constantly borne in mind that, in order to sustain a motion for the appointment of a receiver *pendente lite*, it is not necessary to decide in favor of the complainant upon the merits. Nor is it necessary that such a case be presented as will, beyond all doubt, entitle him to a decree upon the final hearings. In granting temporary relief by the appointment of such receiver, courts of equity in no manner anticipate the ultimate determination of the questions of right involved. They merely recognize that a sufficient case has been made out to warrant the judicial preservation of the rights or property in controversy, for the benefit of all parties in interest, until a hearing upon the merits shall have been had, without expressing, and, indeed, without having the means of forming, a final opinion as to such rights."

By the present motion plaintiffs do not seek a final determination upon admissions made in another action, but seek by means of these admissions to make out a sufficient case to warrant the judicial preservation of the property in controversy. I feel that a sufficient case has been made out to warrant the appointment of a receiver herein.

The urging by defendants that there must be property present to warrant the appointment of a receiver, should not be allowed to defeat the appointment of the receiver. If the contentions of the plaintiffs are correct, the properties in which the plaintiffs claim an interest have been hidden and secreted by the defendants. Their subversive actions should not be a means whereby plaintiffs will be defeated in establishing their cause of action or obtaining a receiver to recover and preserve assets allegedly fraudulently transferred.

While it might be true that defendant National Bank in Greece is not in liquidation, there is a question in my mind as to whether it may be considered solvent. The fact remains that the American depositors in the defendant National Bank have not been paid although it has agreed with the Superintendent of Banks to wind up its affairs. The test of insolvency should not be affected by any claim on the part of defendants that they are prohibited from paying deposits in this country by the executive decrees of the Greek government. The rule as to when a bank is insolvent is well stated in 7 Corpus Juris, 727, as follows: " A bank is solvent when it has enough assets to pay, within a reasonable time, all of its liabilities through its own agencies, and is insolvent when unable to meet its liabilities as they become due in the ordinary course of business, or, in shorter terms, when it cannot pay its deposits on demand in accordance with its promise." As was said in *Cronkleton* v. *Ebmeier* (38 F. [2d] 748), from which the last quotation was cited with approval: " The mere fact that at some time in the future some of the assets may possibly be made available and the debts paid is not sufficient to show that the bank is solvent. Payment of depositors and creditors in the usual and ordinary course of business cannot be passed by as a controlling factor in determin·· ing the solvency of a bank."

In the instant case the American depositors have not been paid the moneys deposited by them upon the winding up of the New York agency of the defendant National Bank. In a sense it would seem that in so far as the American deposits are concerned, the defendant National Bank might be treated as insolvent. The fact that they might some day be paid is insufficient reason to prevent this court from seeking to protect them at the present time.

The authority of this court to appoint a receiver under the facts of the instant case is well settled. (*Mitchell* v. *Banco de Londres y Mexico, supra; Issaia* v. *Russo-Asiatic Bank, supra; Oliner* v. *American Oriental Banking Corp., supra; Horton* v. *McNally Co.,* 155 App. Div. 322.)

The motion for the appointment of a receiver is, therefore, granted. Settle order on notice.