HUGH W. MURPHY, INC., Respondent, v. COMMONWEALTH ASSOCIATES, INC., and FAIRBANK REALTY CORPORATION, Appellants, and Others, Defendants.— In an action for brokerage commissions, judgment in favor of plaintiff and order denying appellants' motion to set aside the judgment and for a new trial on the ground of newly-discovered evidence affirmed, with costs. Hagarty, Carswell, Johnston and Close, JJ., concur; Taylor, J., dissents as to affirmance of judgment and votes to reverse and grant a new trial; and, as to the appeal from the order denying appellants' motion for a new trial on the ground of newly-discovered evidence, votes to dismiss the appeal, since, in his view, it has become academic.

SARAH OLINER, Plaintiff, v. THE AMERICAN-ORIENTAL BANKING CORPORATION, Defendant, Appellant. GEORGE SELLETT, as Liquidator of THE AMERICAN-ORIENTAL BANKING CORPORATION, Appellant; AMERICAN RESERVE INSURANCE COMPANY and MAX A. HODES, Claimants, Appellants; L. H. LINDEMAN, SARAH OLINER, Claimants, Respondents; NATHANIEL L. GOLDSTEIN, Permanent Receiver, and FEIGIN & FEIGIN, as Attorneys, etc., Respondents.— The American Reserve Insurance Company and Max A. Hodes and The American-Oriental Banking Corporation and George Sellett, as liquidator of The American-Oriental Banking Corporation, cross-appeal from an order modifying the report of a referee and confirming said report as modified. The order, in so far as appealed from, is modified by allowing the claims of the claimants-appellants American Reserve Insurance Company and Max A. Hodes, with interest thereon in so far as the fund is sufficient to pay such interest after making other payments directed to be paid therein, and, as so modified, unanimously affirmed, with costs to claimants-appellants and to claimant-respondent Lindeman, and one bill of costs to claimant-respondent Oliner and those associated with her on her brief, payable from the funds in the hands of the receiver. Section 977-b of the Civil Practice Act is not in contravention with the provisions of the Constitution of the United States. (*Oliner* v. *American-Oriental Banking Corporation*, 252 App. Div. 212; affd., without opinion, 277 N. Y. 588.) The acceptance and retention by the claimants-appellants of dividends paid to them by the appellant-liquidator without filing any claim with him or solicitation upon their part, does not constitute a waiver of their right to pursue their remedy in accordance with section 977-b, nor estop them from asserting their claims in this action. (*Davison* v. *Klaess*, 280 N. Y. 252; *Wills* v. *Investors Bankstocks Corp.*, 257 id. 451; *First Nat. Bank* v. *Newhouse*, 17 F. [2d] 228; *Matter of Hernlen*, 156 S. C. 181; 153 S. E. 133; 69 A. L. R. 443; *Gwynn* v. *Spurway*, 28 F. [2d] 37.) The claimants are all entitled to interest in so far as the property in the hands of the receiver is sufficient to pay the same in the order of their priority after the principal amounts of the claims have been paid in full. (*Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139, 146.) Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

FRANK ORLANDO, Respondent, v. HENRY LEON MCBRIDE and FRANK MCBRIDE, Individually and as Copartners Doing Business under the Firm Name and Style of H. L. & F. MCBRIDE, Appellants.— In an action to recover damages for personal injuries sustained by plaintiff in an automobile collision, judgment entered on the verdict of a jury in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.