JOHANAN TALMON, Plaintiff, *v.* SOCIETATEA ROMANA PENTRU INDUSTRIA DE BUMBAC et al., Defendants.

Supreme Court, Special Term, Westchester County, June 23, 1954.

*Thomas C. O'Sullivan* for plaintiff.

*Donovan, Leisure, Newton & Irvine* for Felicie A. Leon and another.

*Philip J. O'Brien, Jr.,* for temporary receiver.

EAGER, J. This is an application by Felicie A. Leon and Telcot Trading Corporation to vacate an order made herein on June 4, 1954, directing that they appear and submit to an examination by the temporary receiver appointed in this action for the defendant corporations. They have also made an application to set aside and vacate the order herein appointing the temporary receiver. The two applications will be consolidated and considered jointly.

The action is one brought pursuant to section 977-b of the Civil Practice Act, for the appointment of a receiver of two certain foreign corporations alleged to have been nationalized

by a decree of the Roumanian Government and alleged to have or to be entitled to have assets located in the State of New York. The plaintiff alleges that he is a stockholder and creditor of one of the defendant corporations (to wit, of Societatea Romana Pentru Industria De Bumbac), and that said corporation holds two thirds of the stock of the other defendant (Industria Jutei S. A.).

An order was rendered by this court on March 30, 1954, appointing a temporary receiver of the defendant corporations. The appointment was made pursuant to the provisions of subdivision 4 of said section 977-b, providing as follows: " 4. Upon an affidavit reciting that personal service of the summons cannot be effected within the state of New York with due diligence and upon a summons and verified complaint alleging that the defendant is a foreign corporation and has or may have or may be entitled to assets, credits, choses in action or other property, tangible or intangible within the state and that such corporation has been dissolved, nationalized, or that its charter or organic law has been suspended, repealed, annulled or revoked, or that it has ceased to do business, plaintiff may apply, without notice, to the supreme court or any judge or justice thereof for the appointment of a temporary receiver pending the determination of the action and the court must thereupon appoint such receiver who shall, from time to time, file such undertakings as the court may direct and shall take, receive and reduce to his possession any and all assets, credits, choses in action and property, tangible and intangible, in the state of New York of the said foreign corporation and hold the same until the further order of the court."

Said order appointing the temporary receiver was made upon the summons and verified complaint herein, and upon an affidavit by the attorney for the plaintiff. It was averred in said affidavit and in any event is undisputed that " personal service of the summons cannot be effected within the state of New York with due diligence ". It is also beyond question that the verified complaint herein alleges that the defendants are foreign corporations, that they have or " may have or may be entitled to assets * * * within the state ", and that they have been " nationalized ". All that is required by the statute is the affidavit showing inability to effect personal service, and a summons and verified complaint with essential allegations. Additional affidavits or proof are not required. Therefore, it is held that the appointment of the temporary receiver herein was duly authorized. The court had jurisdiction to make the

appointment and its order is not void for lack of jurisdiction as claimed by the applicants.

The applicants specifically contend that the court lacked jurisdiction to appoint the temporary receiver in that, in fact, the plaintiff is neither a stockholder nor a creditor of the defendant corporations. The court is of the opinion, however, that it has jurisdiction to make an appointment of a temporary receiver under section 977-b upon the showing by a summons and verified complaint that an action authorized by said section is brought by one prima facie having the status of stockholder or creditor. It is true that the existence of one or more stockholders or creditors entitled to relief would have to be established in order to warrant judgment appointing a permanent receiver but, it is clear that, pending the determination of the action, the court has power to appoint a temporary receiver. (Cf. *Whittlesey* v. *Frantz,* 74 N. Y. 456.) Whether or not the power should be exercised or receivership continued in a given case is another question.

In any event, the applicants contend that, assuming the appointment of the temporary receiver was within the power of the court, the circumstances are such that the court should vacate the appointment. The applicants, by affidavits submitted by them, do raise an issue as to whether the plaintiff is, in fact, a stockholder or creditor of the corporation. The court, however, is not called upon to try this issue at this time, particularly when raised by persons who are not parties to the action. It is important to note that the service upon the defendants of the summons herein is being made by publication. The defendants have not appeared herein and they do not at this time question the appointment of the temporary receiver. No issue of fact with respect to the right of plaintiff to have judgment is raised by answer or otherwise by any party to the action. This court is of the opinion that persons not parties to the action, including these applicants proposed to be examined by the temporary receiver, do not have the power to appear in the action to question his appointment (see *Cohen* v. *Tobacco Products Corp.,* 264 App. Div. 703) and that the appointment may not be collaterally attacked by these applicants.

Finally, the applicants contend that the order for their examination should be set aside because they do not, in fact, possess any assets of the defendant corporations. The statute (General Corporation Law, § 170) however, provides that when the receiver shows " that *he has good reason to believe* that any person has in his possession or under his control, or has wrong-

fully concealed, withheld or disposed of, any property of the corporation, *or that any person can testify concerning such facts,* the court \* \* \* *shall* make an order requiring such person to \* \* \* submit to an examination concerning such facts." (Emphasis supplied.) The court is of the opinion that there was and is such showing. It now clearly appears from the affidavits before the court that Felicie A. Leon and the officers of the Telcot Trading Corporation can testify to facts concerning assets of the defendant corporations brought into this State.

In any event, it is clear that the right of a receiver of a corporation to examine persons claimed to possess assets of the corporation or to have knowledge of the whereabouts of such assets is not to be defeated by their claim or affidavits that they do not have such assets or knowledge. It is the purpose of the examination to discover assets, and it is the duty of the receiver to *examine.* It would be absurd, indeed, and work for frustration of the functions of a receivership under this statute, if a proposed witness could avoid examination by making affidavit that he did not possess or control assets of the defendant.

It is believed that it should be and is the policy of the courts of this State to make every reasonable effort to protect the creditors and stockholders of foreign corporations which have been nationalized by a foreign government. If there are assets of the defendant corporations within the jurisdiction of this State, they should be protected against depredations by a decree of the foreign government and should be made available to creditors and stockholders who have been deprived of their rights without due process of law. (See *Moscow Fire Ins. Co.* v. *Bank of N. Y. & Trust Co.,* 161 Misc. 903, 924, and *Oliner* v. *American-Oriental Bank. Corp.,* 252 App. Div. 212, 213, affd. 277 N. Y. 588.) The several motions of the applicants are denied.

The applicants claim that the action is not brought or the examination sought in good faith. It is their contention that the proposed examination is part of a scheme of a certain third person to subject them to an unwarranted inquisition regarding their own personal and confidential affairs and finances. They further contend that Felicie A. Leon is ill and not able to undergo an examination. The court is not satisfied that there is merit in these contentions, but, for the protection of the applicants, will direct the examination to take place before David Friedman, Esq., of Yonkers, N. Y., who is hereby appointed Referee for the purpose of taking such examination. His reasonable fees shall be paid by plaintiff, and plaintiff shall be

entitled to reimbursement from any assets of the corporation coming into the hands of a permanent receiver appointed by judgment herein, if any.

Submit order on notice, the order to provide for the examination of Felicie A. Leon and also a designated officer or officers of the Telcot Trading Corporation.