Samuel H. Hoestadter, J.
The defendant, a corporation organized under the laws of Venezuela, moves to vacate an ex parte order made pursuant to section 977-b of the Civil Practice Act, which provides, in substance, that upon an affidavit reciting the necessary facts the plaintiff may apply, without notice, for the appointment of a temporary receiver and that the court “ must thereupon appoint such receiver ”. The plaintiff here followed the procedure so prescribed. Though the defendant on this motion impugns the plaintiff’s motives in applying for the appointment of the receiver, the court is not persuaded that it should summarily vacate the order. The statute is aimed to protect the rights of local creditors. (See Oliner v. American-Oriental Banking Corp., 252 App. Div. 212; Talmon v. Societatea Romana Pentru Industria De Bumbac, 206 Misc. 449.) The papers show that, aside from the plaintiff, there are or may be other local creditors; the defendant’s offer to post security as a condition of granting its motion furnishes no assurance that the rights of all creditors will thereby be fully protected. The statute contemplates a judicial administration of the assets in the interest of all creditors. The action being in the nature of a class action, the rights of all creditors for whose benefit it has been brought must be safeguarded. Their rights, as well as those of the plaintiff, should be provided for. (See Young v. Higbee Co., 324 U. S. 204, 214.) *334 The court has now no clear or definite knowledge of the identity of the creditors or of the amounts of their claims; obviously the assets should not be released in the absence of dependable proof of the foregoing. The defendant’s assertion that it still is actively engaged in business merely presents an issue for trial ; the defendant may by promptly filing an answer obtain an early trial of this or any other issue in the case and is entitled to an order setting the case for trial on a day certain as a preferred cause (Civ. Prac. Act, § 977-b, subd. 9). The motion is accordingly denied.