John E. Cone, J.
The defendant moves to vacate an ex parte order made pursuant to section 977-b of the Civil Practice Act. [See, also, 12 A D 2d 486.] The basis for the order was that personal service of the summons could not be effected within the State of New York with due diligence and that defendant, a foreign corporation having assets, credits and other property in New York, has been nationalized and has ceased to do business. The defendant further moves that plaintiff post a bond as a condition to the maintenance of the action.
*137 Defendant has maintained airline operations for a number of years between Havana, Cuba and New York, conducting its operations pursuant to various agreements between the Government of the United States and the Government of the Republic of Cuba. The defendant asserts that if section 977-b is interpreted to validate the seizure of defendant’s airplanes it must be deemed unconstitutional, in conflict with the foreign affairs power of the United States and an undue burden to foreign commerce. Similar arguments were made in Stephen v. Zivnostenska Banka (3 N Y 2d 862) and were rejected by the Court of Appeals. Defendant further asserts that it has not been nationalized and has not ceased doing business. These are issues which can only be determined upon trial (see Patton v. Compania Aerea Viajes Exp. de Venezuela, 9 Misc 2d 333). It is also claimed that the order appointing the temporary receiver was secured by fraud since it was falsely represented that defendant had ceased to do business, had no office in the State and could not be served.
Plaintiff asserts that at the time the application was made herein there was an existing attachment on one of defendant’s planes and by reason thereof defendant ceased its operations and closed its offices. If what plaintiff asserts is true it cannot be said that the service could be effected with due diligence.
From the affidavits presented, a determination cannot be made that the representations made by the plaintiff were false. The requisite jurisdictional facts for the appointment of a temporary receiver have been set up by the plaintiff. All issues with respect to these facts are to be determined upon a trial thereof and if they will not be upheld, then the temporary receiver will be removed (see Oliner v. American-Oriental Banking Corp., 252 App. Div. 212, affd. 277 N. Y. 588). The defendant may by promptly filing an answer obtain an early trial of the issues and is entitled to an order setting the case for trial on a day certain as a preferred cause (Patton v. Compania Aerea Viajes Exp. de Venezuela, supra).
The motion to vacate the ex parte order is accordingly denied. No basis having been shown to require plaintiff to post a bond, that branch of the motion is also denied. The temporary receiver’s motion to direct the Chase Manhattan Bank and the City Sheriff of the City of New York to turn over to him all of the assets of the defendant corporation in their hands is granted. Settle orders on notice.