NATHAN SCHWARTZ, Respondent-Appellant, v. COMPANIA AZUCARERA VERTIENTES-CAMAGUEY DE CUBA, Appellant-Respondent. PETER L. F. SAB-

BATINO, as TEMPORARY RECEIVER, Respondent.—

In our opinion, the proof is sufficient to show that, within the meaning of section 977-b of the Civil Practice Act, the corporation has not been nationalized. Under the language of the Cuban law (No. 851 of July 6, 1960) and of the Cuban Resolution (No. 1 of Aug. 6, 1960) it would appear that the Castro Government of Cuba has expropriated the Cuban assets of the corporation, but that the government has not absorbed the corporation unto itself in such manner or to such an extent as to put the corporation completely out of existence. Nor did the Castro Government, by this law and resolution, preserve the corporation merely as a corporate entity in the ownership and complete control of the government. Whether the corporation ceased to do business within the meaning of the statute (Civ. Prac. Act, § 977-b) is a question of fact (*Schwartz* v. *Compania Azucarera Vertientes-Camaguey De Cuba,* 12 A D 2d 506). The first defense alleges in detail the facts with respect to the corporation's claim that it has not ceased to do business. While it is not necessary to set up as an affirmative defense matters which may be proved under a general denial (*Dworski* v. *Genessee Country Abstract Co.,* 277 App. Div. 1094), the fact that the answer does so would not make the defense insufficient (*Morgan Munitions Co.* v. *Studebaker Corp.,* 226 N. Y. 94, 98), or require that it be struck out where it tends to clarify the issues (*Murray Oil Prods. Co.* v. *Hanover Fire Ins. Co.,* 261 App. Div. 809) or where it tends to avoid a claim of surprise on the part of plaintiff (*West Washington Cut Meat Center* v. *Solomon,* 260 App. Div. 741, 743). In our opinion the facts alleged in the first defense, if proved, would tend both to clarify the issues and avoid surprise on the trial. The second defense alleges that, as applied to the facts of this case, the statute (Civ. Prac. Act, § 977-b) is unconstitutional. If, under the facts, the statute be not applicable,

584

the complaint will be dismissed; if it be applicable, the statute has already been held to be constitutional (*Stephen* v. *Zivnostenska Banka, Nat. Corp.*, 3 N Y 2d 931; *Oliner* v. *American-Oriental Banking Corp.*, 252 App. Div. 212, affd. 277 N. Y. 588). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.