■ JOAN HARRIMAN, Appellant, v NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY et al., Respondents.—In an

action to recover the proceeds of a policy of insurance, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 21, 1989, as denied her motion for leave to amend her complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff moved to increase the ad damnum clause of her complaint to an amount beyond the liability limits of her homeowner's insurance policy for losses which are clearly not covered under that policy. She contends that, as a result of the defendant's bad faith in refusing to settle her claim for the loss of the use of her home, she has sustained a plethora of consequential damages. These include, among other things, the loss of her business, costs of refinancing her home and of defending against foreclosure actions, legal fees which were not incurred in the instant action, lost income, and miscellaneous costs for such things as postage and photocopying.

Generally, an insurer's liability is limited to the face amount of the policy, plus appropriate interest (see, Samovar of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co., 102 AD2d 279, 281). Under certain circumstances, liability in excess of the face amount of the policy may be imposed on a liability insurance carrier for breach of its implied duty to act in good faith in its performance of the contract (see, Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, cert denied 410 US 931). However, the plaintiff's claims here are speculative, remote, and could not have been within the contemplation of the parties at the time of the execution of this insurance contract (see, DiBlasi v Aetna Life & Cas. Ins. Co., 147 AD2d 93, 103). In view of the foregoing, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion to increase the ad damnum clause of her complaint (see, Dolan v Garden City Union Free School Dist., 113 AD2d 781, 785).

We have examined the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.