■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. ROYAL BANK & TRUST COMPANY, Respondent, v SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Appellant. [639 NYS2d 34]

The bonds at issue do not contain a limit of liability within the meaning of Insurance Law § 7608 (c). We reject the Superintendent's contention that liability is implicitly limited to the face amount of the covered obligation and excludes interest. A bond is treated as a policy of insurance (*see, First Natl. Bank v National Sur. Co.*, 228 NY 469, 472), where the general rule limits the insurer's liability to the face amount *plus* appropriate interest (*Harriman v Norfolk & Dedham Mut. Fire Ins. Co.*, 172 AD2d 585). In addition, the bonds expressly obligate the insurer to pay interest "on amounts recoverable * * * from the time such amounts become due until payment".

Further, the contention by the Superintendent that the Insurance Law has always banned interest in liquidation proceedings is without merit. Pursuant to former Insurance Law § 545 (1-a), the precursor of the present section 7434, the Liquidator was not barred from paying interest as long as the property in the hands of the receiver was sufficient to pay all claims in full with interest (*Oliner v American-Oriental Banking Corp.*, 258 App Div 752, *affd* 282 NY 748). Here, the payment of the interest on the bonds will not be from the remaining funds of Union Indemnity but from the Property/Casualty Insurance Security Fund, and as noted above, the payment does not "exceed the limit of liability provided for in the * * * surety bond" (Insurance Law § 7608 [c]).

Finally, the claim for attorney fees is expressly recognized in the bond, which provides that Union Indemnity will pay "all costs and expenses (including but not limited to court costs, attorneys' fees and other legal expenses) incurred as expended by the Bank in connection with the enforcement of this Bond". This litigation is an aspect of "enforcement" of the bonds. We have considered the Superintendent's remaining arguments, and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.