■ In the Matter of the Liquidation of IDEAL MUTUAL INSURANCE COMPANY. NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent, v SUPERINTENDENT OF INSURANCE, as Liquidator of IDEAL MUTUAL INSURANCE COMPANY, Respondent-

Appellant. [663 NYS2d 173] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 19, 1996, which, in a proceeding by claimant against its insurer's liquidator to recover the pre- and post-judgment interest and the attorneys' fees, costs and disbursements it incurred in defending a wrongful death action, upon the parties' respective motions for summary judgment, insofar as appealed from, awarded claimant the pre- and post-judgment interest and denied it the attorneys' fees, costs and disbursements, unanimously modified, on the law, to grant claimant's motion for summary judgment in its entirety, and otherwise affirmed, without costs.

Contrary to the finding of the IAS Court, the subject policy does contain a provision specifically requiring the insurer to pay the insured's attorneys' fees, costs and disbursements, namely, the endorsement entitled "Retention", under which the insured was to be liable for losses exceeding $100,000 per occurrence to the extent of such excess, "loss" being defined as including "all loss adjustment expense and legal fees", and we modify accordingly. Concerning pre- and post-judgment interest, as here pertinent, the policy provided that in any suit against claimant defended by the insurer, the latter would pay all costs taxed against claimant "and all interest on the entire amount of any judgment therein which accrues after entry of the judgment", and that where, as here, the insurer did not participate in the defense of any claim against claimant, the insurer would "accept the final adjustment of the loss by the [claimant] and will make its loss payment in accordance with its policy limits". Thus, the insurer was obligated to pay the interest that accrued on the judgment while claimant pursued appeals, the same as if the insurer had defended the wrongful death action itself. It is undisputed that claimant paid this interest to the plaintiffs in the wrongful death action. Insurance Law § 7434 (b) is not applicable, since claimant is not seeking to recover interest on a dividend by reason of a delay in payment of such dividend, but rather, as provided in the policy, the interest it paid to the plaintiffs in the underlying action (see, Matter of Union Indem. Ins. Co., 225 AD2d 379). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.