■ Hazel Keen, Individually and as a Shareholder of Lebanon Hills Farms, Inc., Suing on Behalf of Herself and of Other Shareholders, if Any, of Lebanon Hills Farms, Inc., Similarly Situated and in the Right of Lebanon Hills Farms, Inc., Respondent, v Murray Keen et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered July 23, 1979 in Rensselaer County, which granted plaintiff's motion to strike the answers of all defendants except Murray Keen. Order affirmed, with costs, on the opinion of Mr. Justice Harold J. Hughes at Special Term. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.

■ In the Matter of Albany, Schenectady, Troy and Vicinity District Council of Carpenters et al., Respondents, v Labor Relations Division, Associated General Contractors of America, New York State Chapter, Inc., et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term, entered April 3, 1980 in Albany County, which granted an application to stay a demand for arbitration. The judgment of Special Term should be affirmed. The collective bargaining agreement of the parties, with certain exceptions, requires arbitration of "any question relating to its interpretation, or its violation" (art 13). However, section 3 of article 13 provides that "The following express provisions of this contract are not subject to this article: (a) Wage rates, (b) Welfare contributions and fringe benefits contributions, (c) Jurisdictional questions." It is clear that the issue in dispute between the principal parties involves the question of which Union Local No. 1456 or No. 78 has jurisdiction to perform certain work for respondent Higgins Erectors and Haulers, Inc. The Court of Appeals, in construing arbitration clauses in collective bargaining agreements, has held that " 'only where the parties have employed language which clearly rebuts the presumption of arbitrability,' e.g:, explicitly excluding a certain matter from arbitration, may the matter be held nonarbitrable and thus subject, in the final analysis, to judicial determination" (citation omitted) *(Matter of Howard & Co. v Daley,* 27 NY2d 285, 289-290). The instant controversy presents such a situation *(Central Steel Erecting Co. v Mohawk Val. Dist. Counsel of United Brotherhood of Carpenters & Joiners of Amer., Local No. 125,* 33 AD2d 876, affd 28 NY2d 796). Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of Emily P. Daniel, Appellant, v Mr. Gordon, Doing Business as Sunnychild Underwear Co., et al., Respondents, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 5, 1979, which disallowed a claim for benefits. Claimant contends that she injured her back while working at a sewing machine on June 2, 1952. The board has found that her claim was not filed within the two-year time limitation contained in section 28 of the Workers' Compensation Law and that there was no evidence of any advance payments of compensation which would serve to waive that requirement. Substantial evidence supports the decision of the board. Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawïch, Jr., and Herlihy, JJ., concur.