(September 12, 1985)

■ HAZEL KEEN, Individually and as Shareholder of Lebanon Hills Farms, Inc., Respondent-Appellant, v MURRAY KEEN et al., Defendants, and FENTRESS CORPORATION et al., Appellants-

Respondents.—Levine, J. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered August 9, 1982 in Rensselaer County, upon a decision of the court at Trial Term (Cholakis, J.), without a jury.

In 1971, while a divorce action was pending between plaintiff and defendant Murray Keen (Keen), Keen commenced another action to impose a constructive trust on certain real and personal property owned by plaintiff, including her interest in defendant Lebanon Hills Farms, Inc. (Lebanon). Plaintiff counterclaimed for various sums due her. The action was disposed of in 1975 by a judgment awarding plaintiff some $72,000 on her counterclaims and directing the transfer of one half of the corporate shares of Lebanon from plaintiff to Keen upon his satisfying the monetary portion of the judgment. When Keen failed to pay the judgment, plaintiff levied against Keen's assets, including the above-described contingent interest in Lebanon he had obtained in the prior litigation. In November 1977, plaintiff purchased that contingent interest at a Sheriff's sale. It was then discovered that, several months prior to the sale, Keen falsely held himself out as president of Lebanon and, as such, executed a deed to that corporation's principal asset (land in Rensselaer County) to defendant Fentress Corporation (Fentress) and, as president of Fentress, then conveyed the property to Fentress's parent corporation, defendant Investors Data Technology, Inc. (IDT). Plaintiff then commenced the instant action against Keen and the corporate defendants to set aside the various conveyances on the ground of fraud and for punitive damages. After Fentress and IDT defaulted in complying with pretrial discovery, plaintiff was granted an order striking their answer, severing the action against them and directing an inquest. That order was affirmed on appeal (see, Keen v Keen, 80 AD2d 700).

At the conclusion of the inquest, Trial Term rendered a bench decision on the record containing findings and conclusions and directing judgment in favor of plaintiff setting aside the conveyances, awarding punitive damages of $100,000, but denying plaintiff's request for counsel fees. Fentress and IDT have appealed solely from the imposition of punitive damages, and plaintiff has cross-appealed from the denial of her request for counsel fees.

We find no merit to any of the grounds advanced by Fentress and IDT for upsetting the award of punitive damages. Such damages may be imposed for fraudulent conduct, such as established here, without proof that the defendant's acts were directed at the general public (Borkowski v Borkowski, 39

NY2d 982, 983; *Greenspan v Commercial Ins. Co.,* 57 AD2d 387, 389). There likewise is authority to permit an award of punitive damages ancillary to the successful prosecution of an action seeking purely equitable relief *(I.H.P. Corp. v 210 Cent. Park S. Corp.,* 16 AD2d 461, 465, *affd* 12 NY2d 329). Therefore, the absence of any recovery of compensatory damages does not impair the award here.

As Trial Term noted, the acts of Keen were calculated not only to defeat plaintiff's right under her money judgment to levy against Keen's contingent interest in Lebanon, but also, in effect, to misappropriate her own property interest in that corporation as fixed in the earlier litigations. This clearly is the kind of morally culpable conduct which justifies punitive damages *(see, Hartford Acc. & Indem. Co. v Village of Hempstead,* 48 NY2d 218, 227-228). The record suggests that Keen was the sole officer of Fentress and IDT. Therefore, Trial Term correctly imputed Keen's knowledge and conduct to them (36 NY Jur 2d, Damages, § 182, at 307-308). We likewise find no ground for reversal arising out of the failure of Trial Term to conduct a separate trial of the issue of the *amount* of punitive damages, in which evidence of the net worth of Fentress and IDT could have been introduced *(cf. Rupert v Sellers,* 48 AD2d 265, 272). This matter was tried without a jury and, in any event, defendants waived their right to a bifurcated trial of this issue by failing to request it or indeed to offer any evidence on the issue, although invited to do so by Trial Term *(Brink's Inc. v City of New York,* 717 F2d 700, 707; *Zarcone v Perry,* 572 F2d 52, 56). Nor is there any basis to disturb the award as excessive *(Nardelli v Stamberg,* 44 NY2d 500, 503-504).

Finally, since the gravamen of plaintiff's complaint and the relief sought and obtained by her went far beyond the mere recovery of the judgment debtor Keen's contingent one-half interest in Lebanon, we cannot say that Trial Term erred as a matter of law in denying plaintiff's request for an award of counsel fees under Debtor and Creditor Law § 276-a. Therefore, the judgment should be affirmed in all respects.

Judgment affirmed, with costs to plaintiff. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.