■ GRACE BLAKESLEE, Respondent, v ARNOLD J. RABINOR et al., Individually and Doing Business as MADISON ASSOCIATES, et al., Appellants.—Order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about May 23, 1991, as modified by the order of the same court entered on or about July 16, 1991 which, to the extent appealed from, granted plaintiff's motion for summary judgment on the issue of liability, severed the issues of the amount of actual and punitive damages and attorneys' fees for assessment before a

Special Referee to hear and report with recommendations, and denied defendants' cross-motion to dismiss the complaint insofar as it seeks monetary damages, unanimously modified, on the law, and the cross-motion granted to the extent of dismissing plaintiff's claim for punitive damages and, except as so modified, affirmed, without costs.

Plaintiff Grace Blakeslee discovered that the owners of several adjoining properties were using her sewer pipes to discharge waste into the City sewer system, resulting in flooding and damage to her property. Plaintiff commenced a previous action against defendant 329 Holding Corp. and, upon an appeal from an order denying plaintiff summary judgment, this court found an unlawful encroachment and continuing trespass and directed the corporation to discontinue the flow of sewage into and through plaintiff's property (48 AD2d 641). However, while the motion was pending, the corporation transferred title of the adjoining property to Madison Associates, the partners of which are the individual defendants herein. Significantly, Arnold Rabinor had been a partner in Madison Associates since 1969 and was vice president of 329 Holding Corp. In 1976, a bona fide purchaser took title to the property from Madison Associates for $88,000. In 1977, judgment was entered in the action which included an award of $6,000 against 329 Holding Corp.

In addition to demonstrating that 329 Holding Corp. and Madison Associates had interlocking principals at the time of the transfer, plaintiff's proof on the instant motion established that the conveyance was made without fair consideration, that transferor 329 Holding Corp. was the defendant in an action for money damages at the time of the conveyance and that the judgment remains unsatisfied. As such, plaintiff has established a prima facie case of fraudulent conveyance (Debtor and Creditor Law § 273-a; *see, Schoenberg v Schoenberg,* 113 Misc 2d 356, *mod on other grounds* 90 AD2d 827), and is entitled to summary judgment in view of defendants' failure to raise any material issue of fact. Defendants' reliance on *Federal Deposit Ins. Corp. v Porco* (75 NY2d 840) is misplaced. That case holds only that Debtor and Creditor Law § 273-a does not create a creditor's cause of action in conspiracy against a party who merely assisted in the conveyance of a debtor's assets and who does not have dominion or control over those assets and derived no benefit from their conveyance.

Plaintiff is also not entitled to an award of punitive damages. Originally, punitive damages were recoverable in fraud

actions only where the fraud was aimed at the general public, was gross and wanton in nature and involved high moral culpability *(Walker v Sheldon,* 10 NY2d 401). Applying this standard in *James v Powell* (19 NY2d 249, 260), the Court of Appeals held that punitive damages did not apply to fraudulent conveyances, stating, "effective remedies are provided against fraudulent conveyances * * * and there is no need to offer the prospect of punitive damages as an inducement to institute suit." However, in *Borkowski v Borkowski* (39 NY2d 982, 983), the Court declared that it is "not essential * * * that punitive damages be allowed in a fraud case only where the acts had been aimed at the public generally." Therefore, punitive damages may now be awarded in a case of fraudulent conveyance, but only if the defendant's conduct was gross and wanton and involved high moral culpability.

As to the question regarding whether defendants' conduct justifies an award of punitive damages, we note that the courts have construed the Debtor and Creditor Law strictly. The Court of Appeals, in assessing the scope of sections 278 and 279 of the law, stated, "as the courts of this State have consistently held since the adoption of those provisions * * * a creditor's remedy for the transfer of its debtor's assets, where undertaken prior to a judgment on the debt, is still to obtain a nullification of the conveyance" *(Federal Deposit Ins. Corp. v Porco,* 75 NY2d, *supra,* at 842). The Court indicated a reluctance to extend the statute beyond its express provisions to afford recovery against persons who assisted in but did not benefit from the fraudulent conveyance, stating, "It is not for us to write such a remedy into the statute by judicial construction" *(supra,* at 842).

The Appellate Division, Second Department, in *Marine Midland Bank v Murkoff* (120 AD2d 122, 132, *appeal dismissed* 69 NY2d 875), cited approvingly by the Court of Appeals in *Porco (supra),* relied on *James v Powell (supra),* to hold that the act of removing property from the reach of a creditor is not misconduct so "gross and wanton" so as to justify an award of punitive damages. Rather, the Court declared, "The creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance" (120 AD2d 122, 133, *supra; see,* Debtor and Creditor Law §§ 278, 279). In *Keen v Keen* (113 AD2d 964, *lv dismissed* 67 NY2d 646), the Appellate Division, Third Department, confronted with a somewhat different situation, sustained an award of punitive damages. However, that case

involved *misappropriation* of property in addition to fraudulent conveyance. The Court noted that the acts complained of were calculated not only to defeat the plaintiff's right in a money judgment but also "in effect, to misappropriate her own property interest" in a corporation, as determined in prior litigation (113 AD2d 964, 966, *supra*). Significantly, in sustaining Trial Term's denial of counsel fees, the Court applied Debtor and Creditor Law § 276-a strictly, observing that "the gravamen of plaintiff's complaint and the relief sought and obtained by her went far beyond the mere recovery of the judgment debtor Keen's contingent one-half interest" in the transferred property *(supra,* at 966).

The statutory remedies available for the conveyance of property to remove it from the reach of a potential judgment creditor are limited to placing the parties in status quo *ante* (Debtor and Creditor Law § 279; *Marine Midland Bank v Murkoff, supra,* at 133). We therefore conclude that the conduct of defendants herein, without more, does not constitute sufficient moral culpability to support the award of punitive damages. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.