**In re BURDICK ASSOCIATES, A New York Partnership a/k/a Naomi Christman, Rosa Crum and Albert Crum, as Tenants in Common, Debtor.**

No. 91 CV 4716 (SJ).

United States District Court,
E.D. New York.

Jan. 19, 1993.

Michael T. Sucher, Brooklyn, NY, for appellant.

Arthur D. Russell, Cadwalader, Wickersham & Taft, New York City, for appellees.

MEMORANDUM AND ORDER

JOHNSON, District Judge:

This is an appeal from an Order and Judgment of the United States Bankruptcy

Court for the Eastern District of New York, Robert J. Hall, J., dated and entered May 11, 1991, which granted sanctions as against Debtor's Counsel, appellant herein, under Bankruptcy Rule 9011 in the aggregate sum of $39,807.13.

For the reasons stated below, that part of the Order and Judgment sanctioning the appellant is reversed.

## I. BACKGROUND

On September 20, 1991, Burdick Associates ("Burdick" or "Debtor"), a New York partnership filed a Chapter 11 petition in bankruptcy listing 108 Montague Street, Brooklyn, New York ("the Property") as the sole asset of the Partnership. The petition was signed by Michael T. Sucher, Esq. and Naomi Christman as a partner of the Debtor. The premises were encumbered by 1st and 2nd mortgages held by the Manhattan Savings Bank and Republic National Bank of New York (hereinafter "the Secured Creditors"). On October 18, 1991, the Secured Creditors moved the Bankruptcy Court for 1) a judgment declaring that the Property was not property of the Debtor's estate; 2) an order dismissing the Debtor's bankruptcy petition as a bad faith filing; or 3) an order excusing the state-court appointed receiver from complying with the turnover provisions of Section 543 of the Bankruptcy Code. The Debtor filed papers in opposition and a cross-motion for an order pursuant to 11 U.S.C. § 363(c)(2)(B) permitting it to use the rental income from the Premises as cash collateral exclusively for maintenance and repairs incurred with respect to the Property.

On November 21, 1991, the Bankruptcy Court heard Mark Ellenburg of Cadwalder, Wickersham and Taft on behalf of the Secured Creditors and Michael Sucher on behalf of the Debtor. The Secured Creditors maintained that the Property was not a part of the Debtor's estate because of a deed dated June 10, 1981 conveying the Property from Burdick to Naomi Christman ("Christman'), Rosa Maria Crum ("Mrs. Crum"), and Albert Crum ("Dr. Crum") as "tenants in common." Mr. Sucher argued that the deed merely effect-ed a change in name and that it did not transfer ownership from the Debtor partnership to the three individuals.

In support of his argument, Mr. Sucher pointed to federal partnership income tax returns for the years 1977 to 1980 using the name Burdick Associates. Thereafter, the returns name Naomi Christman, Rosa Crum and Albert Crum as tenants in common. All the returns use the same taxpayer identification number. Mr. Sucher argued that despite the deed the Property was listed as partnership property on the tax returns.

Finding that the deed was the only evidence that could be depended on, Judge Hall ruled that Burdick divested itself of title years ago and declared that the Property was not part of the Debtor's estate. On November 22, 1991, the Debtor filed a notice of Appeal with this Court and applied to the Bankruptcy Court for permission to reargue the Secured Creditor's motion. Following a hearing on Debtor's First Motion to Reargue on December 17, 1991, the Bankruptcy Court handed down a memorandum determining that the filing as the "ultimate bad faith filing". On January 8, 1992, Debtor filed a Second Motion to Reargue seeking to alter or amend the record.

The Bankruptcy Court found that the Debtor failed to proffer any newly discovered evidence and that the motions to reargue were filed to delay and to harass the Secured Creditors. In addition, the Bankruptcy Court found the Debtors' opposition to the Secured Creditors Motion and cross-motion were not grounded in fact or law, were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and were completely meritless and frivolous. The Bankruptcy Court imposed sanctions upon Naomi Christman, Albert Crum, Rosa Crum and Michael Sucher for violating Bankruptcy Rule 9011.

## II. ANALYSIS

■ According to Federal Rule of Bankruptcy Procedure 9011:

The signature of an attorney or party constitutes a certificate that the attorney or a party constitutes a certificate that the attorney or a party has read the document; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation or administration of the case....

Rule 9011 parallel Federal Rule of Civil Procedure 11. Therefore, this court is guided by Rule 11 jurisprudence in reviewing a bankruptcy's court's application of Rule 9011. *In re Cohoes Industrial Terminal, Inc.,* 931 F.2d 222, 227 (2d Cir.1991).

■ An appellate court must review a lower court's imposition of a sanction under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 400, 110 S.Ct. 2447, 2458, 110 L.Ed.2d 359 (1990). In the Rule 11 context, the abuse of discretion and the clearly erroneous standard are identical. *Id.* 496 U.S. at 400, 110 S.Ct. at 2458. The appellate court "would be justified in concluding that a [lower] court had abused its discretion in making a factual finding only if the finding were clearly erroneous." *Id.* As this court is acting as an appellate court for the purposes of this motion, it will apply this standard.[1]

In the instant action, the Bankruptcy Court concluded that the Debtor's petition, opposition to the Secured Creditor's motion and cross-motion were not grounded in neither fact nor law because the June 10, 1981 deed divested Burdick of title. The Bankruptcy Court reached this conclusion by relying on the deed as conclusive evidence of ownership. However, when the deed is examined in light of all the evidence pre-

sented to the Bankruptcy Court, Mr. Sucher's argument that the Property was part of the Debtor's estate is not frivolous.

■ The deed lists Burdick Associates as the grantor, and Christman, Mrs. Crum and Dr. Crum as tenants in common as the grantees. Typed in the margin of the deed are words "no consideration" and "nontaxable". Christman, Mrs. Crum and Dr. Crum submitted affidavits stating that they executed the new deed on the advice of their then attorney and accountant to change the name of the partnership. The Burdick partners contend that this was done so that the property and their partnership income tax returns would bear the same name. From 1981 onward, Christman and the Crums as tenants in common did indeed file partnership income tax returns listing 108 Montague Street as a partnership asset. These returns were filed under the same taxpayer i.d. number that Burdick used from 1977 to 1980. Interestingly enough, Burdick Associates never filed a certificate of assumed name indicating a name change to Christman, Crum and Crum.

The existence of a deed does not conclusively establish ownership. A court may look at the sufficiency of consideration or the parties' intent at the time the deed was executed to determine the validity of the deed. *See Blakeslee v. Rabinor,* 582 N.Y.S.2d 132, 182 A.D.2d 390 (A.D. 1st Dept.1992) (judgment creditor made out prima facie case that judgment debtor had transferred property without adequate consideration); *AMEV Capital Corp. v. Kirk,* 580 N.Y.S.2d. 422, 180 A.D.2d 775 (A.D. 2nd Dept.1992) (court found clear and convincing evidence of fraudulent conveyance where grantor harbored an intent to defraud present or future creditors at time deed was executed). The Bankruptcy Court erred by finding that the deed was the only evidence it could rely on in reaching a decision. Based upon the record

1. Ordinarily, this court would review the Bankruptcy Court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. *In re Third Eighty-Ninth Associates,* 138 B.R. 144 (S.D.N.Y.1992). But in *Cooter &*

*Gell,* the Supreme Court noted the difficulty of distinguishing between factual and legal issues in the Rule 11 context. Therefore, it adopted an abuse of discretion standard for appellate review.

herein, someone wishing to demonstrate that Burdick never divested itself of title in the Property could argue and a court could accept an argument that the June 10, 1981 conveyance by deed was fraudulent. If the Bankruptcy Court chose to look beyond the deed, it may well have concluded that the conveyance was fraudulent. The fact that neither party would come forth to make such an argument does not mean that it does not exist. Therefore, this Court finds Mr. Sucher's argument that the Property was an asset of the Debtor to be grounded in both fact and law.

In addition, the Court finds that the Debtor's motion for reconsideration was well founded. One of the grounds for reconsideration is the need to correct a clear error or prevent manifest justice. *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, *cert. den.* —— U.S. ——, 113 S.Ct. 67, 121 L.Ed.2d 34 (2d Cir.1992). The Debtor moved for reconsideration on the ground that the Bankruptcy Court misapprehended questions of fact. Based on this Court's findings that the Debtor's argument was grounded in both law and fact, it must also conclude that the Debtor's motion for reconsideration was neither frivolous nor undertaken for an improper purpose.

## III. CONCLUSION

For the reasons stated above, the May 11, 1992 Order of Bankruptcy Court granting sanctions as against Debtor's Counsel Michael Sucher under Bankruptcy Rule 9011 in the aggregate sum of $39,807.13 is hereby reversed.

So Ordered.