140 W. 57th St. Bldg. LLC v Berrie (2022 NY Slip Op 02935)

140 W. 57th St. Bldg. LLC v Berrie

2022 NY Slip Op 02935

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 652757/15 Appeal No. 15857 Case No. 2021-03361 

[*1]140 W. 57th Street Building LLC, Plaintiff-Appellant,
v
Angelica Berrie et al., Defendants-Respondents, Charles Lahti et al., Defendants.

Cozen O'Connor, New York (Jesse R. Loffler of counsel), for appellant.
Meister Seelig & Fein LLP, New York (Justin R. Bonanno of counsel), for Angelica Berrie, Russ Teddy Bear Investments LLC., and 188 Lafayette LLC, respondents.
Derfner & Gillett, LLP, New York (David P. Gillett of counsel), for Kate's Paperie LLC, K.P. Creative Ltd., and K.P. LLC, respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 25, 2021, which denied plaintiff's motion for summary judgment with respect to interest payments made in 2010 and a security interest granted in 2012 (the RTBI security interest) on the fifth through seventh causes of action and granted the cross motion of defendants Kate's Paperie LLC (Kate's LLC), Kate's Paperie Ltd., Russ, Teddy Bear Investments LLC (RTBI), 188 Lafayette LLC, and Angelica Berrie (collectively, the moving defendants) for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiff's motion as to liability on the fifth and seventh causes of action, to grant plaintiff's motion as to liability on so much of the sixth cause of action as pertains to the RTBI security interest, and to deny the cross motion, and otherwise affirmed, without costs.
A security interest granted to the Leonard Flax Family Partnership II, LP and Leonard Flax (the Flax security interest), which was perfected in 2008, did not bar the entire complaint, as the amount of secured debt at the time of the allegedly fraudulent transactions did not exceed plaintiff's judgment (see Chemtex, LLC v St. Anthony Enters., Inc., 490 F Supp 2d 536, 545 [SD NY 2007]; Tese-Milner v Bon Seung Kim (In re Level 8 Apparel, LLC), 2021 Bankr LEXIS 182, *20, 23-24 [Bankr SD NY, Jan. 26, 2021, Case No. 16-13164 (JLG)]; cf. De Vos v Lee, 2009 WL 10640615, *1, 4, 11, 2009 US Dist LEXIS 134541, *1-2, 10-11, 34-35 [ED NY, Dec. 23, 2009, No. 07-CV-804 (RLM)]). What is more, plaintiff can pursue RTBI, the transferee of the security interest, if Kate's LLC, the transferor of the security interest, is judgment proof (see Farm Stores v School Feeding Corp., 102 AD2d 249, 255 [2d Dept 1984]).
Plaintiff should have been granted summary judgment as to liability on its claim for fraudulent conveyance under Debtor and Creditor Law § 273 claim (the fifth cause of action), since it made a prima facie case, through its expert accountant's affidavit, that Kate's LLC was insolvent at the time of the challenged transactions (Farm Stores, 102 AD2d at 254). In addition, plaintiff established that even if the preferential transfer to RTBI was made for fair consideration, it was not made in good faith (id.). In opposition, the moving defendants failed to raise a triable issue of fact as to liability; however, the evidence they submitted as proof of the amount of the Flax security interest was sufficient to raise an issue of fact as to damages.
Similarly, plaintiff established a prima facie case for violation of Debtor and Creditor Penal Law § 273-a (the sixth cause of action), since when Kate's LLC gave RTBI a security interest, Kate's LLC was a defendant in an action for money damages; plaintiff obtained a judgment in that action and the judgment has not been satisfied. Therefore, plaintiff is entitled to summary judgment on its cause of action for fraudulent conveyance under § 273-a (see Blakeslee [*2]v Rabinor, 182 AD2d 390, 391 [1st Dept 1992], lv denied 82 NY2d 655 [1993]). However, as with the fifth cause of action, the record presents material issues of fact on damages, and summary judgment is therefore granted as to liability only. Further, because plaintiff limits its § 273-a claim to the RTBI security interest, summary judgment is limited to that issue.
Plaintiff is entitled to summary judgment as to liability for fraudulent conveyance under Debtor and Creditor Law § 274 (the seventh cause of action), as it showed that Kate's LLC transferred money to insiders while it was insolvent; in response to this showing, defendants failed to raise a material issue of fact (see Flowers v 73rd Townhouse, LLC, 202 AD3d 403, 404 [1st Dept 2022]). As with the fifth and sixth causes of action, the record presents issues of fact with respect to damages.
Although the moving defendants should have submitted an August 2008 pledge and security agreement as part of their moving papers, their submission of it in reply was proper in this case, since it responded to an argument that plaintiff made in
opposition to the moving defendants' cross motion for summary judgment (see Sanford v 27-29 W. 181st St. Assn., 300 AD2d 250, 251 [1st Dept 2002]; cf. Migdol v City of New York, 291 AD2d 201, 201 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022