■ DAVID H. BROWN, Respondent, v CLARA KIMMEL et al., Appellants.—In an action to set aside allegedly fraudulent transfers and for a money judgment against the transferees, defendants appeal, as limited by their

brief, from so much of an order of the Supreme Court, Queens County, dated April 27, 1978, as denied their motion to dismiss the complaint for legal insufficiency. Order affirmed insofar as appealed from, with $50 costs and disbursements. The sole issues before this court are those which were raised at Special Term. Defendants' reliance upon issues not raised at Special Term is improper (see *American Ind. Contr. Co. v Travelers Ind. Co.,* 54 AD2d 679, affd 42 NY2d 1041; *Matter of Poulos v D'Elia,* 66 AD2d 820). Although plaintiff is a judgment creditor of defendant Clara Kimmel, he is not required to pursue his enforcement remedies at law (see CPLR 5201 *et seq.)* prior to bringing this action under sections 276 and 278 of the Debtor and Creditor Law (see *American Sur. Co. v Conner,* 251 NY 1, 5-8; *Bernheim v Burden,* 253 App Div 232). Moreover, these provisions permit a money judgment to be taken against the alleged fraudulent transferees in the amount of plaintiff's claim, limited only by the value of the transferred property (see *Gruenebaum v Lissauer,* 185 Misc 718, 730, affd 270 App Div 836). Accordingly, the allegations of the complaint are legally sufficient. Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.