■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v DANIEL A. PORCO et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered November 24, 1987, which, *inter alia,* denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, to the extent appealed from, defendants' motion granted, and the verified complaint dismissed, without costs.

On October 8, 1974, the Comptroller of the Currency declared the Franklin National Bank insolvent and appointed the plaintiff, Federal Deposit Insurance Corporation (FDIC) as the receiver of the bank. Prior thereto, on June 14, 1974, an action was commenced in Federal court to recover damages from Michele Sindona for certain acts and omissions on his part as a director of Franklin National. Five years later, on July 29, 1980, FDIC recovered a $6 million judgment in that action against Sindona, no part of which has been paid.

In the instant action, FDIC alleges, in its verified complaint, that on or about April 1, 1975, while the Federal action was pending, defendants effected the wire transfer of $4,869,199.17, which was beneficially owned by Sindona, to Dorgali Trust, an account at Union Bank of Switzerland in Lugano, and that such transfer was intended to defraud Sindona's creditors, particularly FDIC, and to prevent the enforcement and collection of Sindona's obligations to Franklin National. FDIC seeks to recover damages from the defendants in the amount of the allegedly fraudulent transfer.

In denying defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the court below held that inasmuch as the transfer had taken place after the commencement of the Federal action against Sindona, the FDIC "had a significant interest in the debtor's property to maintain an action prior to the recovery of a judgment", citing Debtor and Creditor Law §§ 279 and 273-a.

Section 279, however, merely entitles a creditor whose claim has not matured to seek, *inter alia,* equitable relief to restrain or set aside the fraudulent conveyance of his debtor's property, and section 273-a defines a fraudulent conveyance as one made without fair consideration when the person making it is a defendant in an action for money damages without regard to the actual intent of the defendant debtor, if after final judg-

ment for the plaintiff creditor, the defendant fails to satisfy the judgment. Neither section creates a cause of action at law to enable a creditor to recover damages for conspiracy to defraud him of his claim.

On the contrary, it appears well settled in New York that a creditor must have a lien or other interest in fraudulently transferred property of his debtor in order to maintain an action for damages for conspiracy to defraud him of his claim by such transfer. *(Yates v Joyce,* 11 Johns 136; *Braem v Merchants' Natl. Bank,* 127 NY 508; *Kaspin v Thaw,* 262 App Div 861; *Northville Dock Corp. v Aller,* 15 AD2d 947, *affd* 15 NY2d 498; *see also, James v Powell,* 25 AD2d 1, 5 [Witmer, J., dissenting], *appeal dismissed* 17 NY2d 812; Annotation, 11 ALR4th 345, 360-361.) While in *James v Powell (supra)* this court held that a judgment creditor had a cause of action at common law for tortious interference with the collectibility of her judgment against the judgment debtor and his wife resulting from the wife's transfer of property owned by the judgment debtor, the Court of Appeals subsequently (19 NY2d 249, 259) determined that the law of Puerto Rico, where the transferred property was located, and not New York law, applied and remitted the matter to the Supreme Court for reconsideration of the sufficiency of the complaint. *(See, Vinlis Constr. Co. v Roreck,* 67 Misc 2d 942, 947, n [Bernard S. Meyer, J.].)* In *James v Powell,* moreover, a judgment had already been entered against the debtor at the time of the fraudulent transfer. Here, the transfer took place long before FDIC's claim against Sindona was reduced to a judgment. Thus, in the current state of the law, FDIC fails to state a cause of action, and defendants' dismissal motion should have been granted. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Smith, JJ.