OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Plaintiff, the receiver of an insolvent bank, obtained a $6,000,000 money judgment in Federal court against a director of the bank’s parent corporation, for losses suffered by the bank as a result of the director’s involvement in the bank’s financial affairs. Several years thereafter, plaintiff brought this action alleging that, during the pendency of the Federal suit, defendants, two officials of the bank, had assisted the director in transferring certain moneys, in which the director had a beneficial interest, to an account in Switzerland. Plaintiff does not claim that defendants were the recipients of the funds or that they benefited in any way from the transfer. Plaintiff alleges only that defendants helped the director make the transfer and, thereby, fraudulently deprive plaintiff of moneys to which it should be entitled as a result of the Federal judgment.
 

 Supreme Court denied defendants’ motion to dismiss the complaint for failure to state a cause of action. The Appellate Division, however, reversed on the ground that, under longstanding New York law, a creditor has no cause of action against a party who merely assists a debtor in transferring
 
 *842
 
 assets where, as here, there was neither a lien on those assets nor a judgment on the debt. We agree with the Appellate Division.
 

 On this appeal, plaintiff concedes that the traditional rule in this State rejects any cause of action for mere participation in the transfer of a debtor’s property prior to the creditor’s obtaining a judgment or a lien on that property
 
 (see, Braem v Merchants’ Natl. Bank,
 
 127 NY 508, 515). Plaintiff argues, however, that the rule was changed with the enactment of sections 278 and 279 of the Debtor and Creditor Law (L 1925, ch 254, § 1). But, as the courts of this State have consistently held since the adoption of those provisions
 
 (see, e.g., Hearn 45th St. Corp. v Jano,
 
 283 NY 139, 143;
 
 Marine Midland Bank v Murkoff,
 
 120 AD2d 122, 131;
 
 Northville Dock Corp. v Aller,
 
 15 AD2d 947,
 
 affd
 
 15 NY2d 498), a creditor’s remedy for the transfer of its debtor’s assets, where undertaken prior to a judgment on the debt, is still to obtain a nullification of the conveyance
 
 (see,
 
 § 279) and, where undertaken after judgment, additionally to secure the assets in satisfaction of the debt
 
 (see,
 
 § 278). Those sections did not, either explicitly or implicitly, create a creditor’s remedy for money damages against parties who, like defendants here, were neither transferees of the assets nor beneficiaries of the conveyance.
 

 Nor is there merit to plaintiff’s argument that section 273-a of the Debtor and Creditor Law (L 1962, ch 310, § 103) created a creditor’s cause of action in conspiracy, assertable against nontransferees or nonbeneficiaries solely for assisting in the conveyance of a debtor’s assets. Rather, that section simply defines a fraudulent conveyance as one made without fair consideration, by a debtor, who is defending an action for money damages or against whom a judgment has been rendered, where the debtor ultimately fails to satisfy the judgment. Nevertheless, plaintiff contends that section 273-a, when read together with section 279, provides prejudgment creditors with an interest in the debtor’s assets sufficient to obtain an order to prevent the debtor, or the debtor’s transferees, from disposing of the assets. Even if that be so, the statute still cannot fairly be read as creating a remedy against nontransferees who, like defendants here, are not alleged to have dominion or control over those assets or to have benefited in any way from the conveyance. It is not for us to write such a remedy into the statute by judicial construction.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone,
 
 *843
 
 Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
 

 Order affirmed, etc.