■ FRANK VALLONI, JR., Respondent, v FRANK J. CRISONA et al., Appellants. [598 NYS2d 714] —In an action pursuant to Debtor and Creditor Law article 10, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Facelle, J.), dated February 7, 1991, as denied their cross motion to (1) dismiss the complaint for failure to allege fraud with specificity pursuant to CPLR 3016 (b), (2) dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212, and (3) disqualify the plaintiff's attorney from representing the plaintiff in the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants' contentions that they are entitled to summary judgment because the plaintiff failed to plead fraud with specificity is without merit, as the alleged insufficiency of a pleading is not a proper basis for a summary judgment motion (see, Gee v Gee, 113 AD2d 736). In any event, we find that the pleading was sufficient.

The defendants' further claim that the complaint did not state a cause of action against them is also without merit (see, Bowles v Errico, 163 AD2d 771; Brown v Kimmel, 68 AD2d 896; County of Dutchess v Dutchess Sanitation Servs., 86 AD2d 884). Furthermore, because a question of fact exists as to the extent of the services the plaintiff's attorney performed for the defendants, it cannot be said, at this point, that the plaintiff ratified the allegedly fraudulent conveyance, nor that the plaintiff's attorney should be disqualified (see, Frias v Frias, 155 AD2d 585). Similarly, a question of fact exists as to

whether there was a conveyance from the defendant Frank J. Crisona to the defendant Joan Crisona.

Finally, contrary to the plaintiff's contention, the court did not err in denying its motion for summary judgment. Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.