■ MANUFACTURERS AND TRADERS TRUST Co., Respondent-Appellant, v LAUER'S FURNITURE ACQUISITION, INC., et al., Defendants, and PITTSFORD FURNITURE, INC., et al., Appellants-Respondents. (Appeal No. 1.) [642 NYS2d 850] —Appeal unanimously dismissed and order affirmed without costs. Same Memorandum as in *Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition* ([appeal No. 2] 226 AD2d 1056 [decided herewith]). (Appeals from Order of Supreme Court, Monroe County, Ark, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon and Callahan, JJ.

■ MANUFACTURERS AND TRADERS TRUST Co., Respondent, v LAUER'S FURNITURE ACQUISITION, INC., et al., Defendants, and PITTSFORD FURNITURE, INC., et al., Appellants. (Appeal No. 2.) [641 NYS2d 947] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On March 6, 1994 defendant Lauer's Furniture Acquisition, Inc. (LFA) conveyed all its assets to defendant Pittsford Furniture, Inc. (PFI) in exchange for PFI's assumption of LFA's debts. At the time of the transfer, LFA was indebted to plaintiff and defendant John M. Summers, the

president and sole shareholder of both LFA and PFI. Plaintiff commenced this action to set aside the conveyance on the grounds that it was constructively fraudulent under sections 273 and 274 of the Debtor and Creditor Law and that it was made with actual intent to hinder, delay or defraud creditors under Debtor and Creditor Law § 276.

Supreme Court properly granted plaintiff's motion insofar as it sought summary judgment on the causes of action alleging that the conveyance was constructively fraudulent. Plaintiff established as a matter of law that the transfer of all the assets of LFA to PFI, benefitting the president and sole shareholder of both corporations over other creditors, was not made in good faith (*see, Matter of Superior Leather Co. v Lipman Split Co.,* 116 AD2d 796; *Farm Stores v School Feeding Corp.,* 102 AD2d 249, *affd* 64 NY2d 1065; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425, *lv dismissed* 58 NY2d 606; *Southern Indus. v Jeremias,* 66 AD2d 178; *Julien J. Studley, Inc. v Lefrak,* 66 AD2d 208, *affd* 48 NY2d 954).

As a general rule, the creditor's remedy in a fraudulent conveyance action is "limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance" (*Marine Midland Bank v Murkoff,* 120 AD2d 122, 133, *appeal dismissed* 69 NY2d 875; *accord, Blakeslee v Rabinor,* 182 AD2d 390, 392, *lv denied* 82 NY2d 655). In the instant action, however, where the assets of LFA have been sold and commingled with those of PFI, a money judgment was properly granted as a substitute for those assets (*see, Valentine v Richardt,* 126 NY 272, 277). The amount of that judgment against PFI, the transferee, is "limited only by the value of the transferred property" (*Brown v Kimmel,* 68 AD2d 896, 897). Because the record establishes that the value of the property exceeds the amount of LFA's indebtedness to plaintiff, judgment was properly granted against PFI for the full amount of that debt.

The judgment against the individual defendant, however, must be modified. Summers is liable to plaintiff only "to the extent of the value of the money or property he or she wrongfully received" (*Farm Stores v School Feeding Corp., supra,* at 255; *see also, Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840). Summers received only $150,000 as the result of the fraudulent conveyance and we modify the judgment, therefore, by reducing the award against him to that amount plus interest.

The court properly denied plaintiff's motion insofar as it sought summary judgment on the fifth cause of action, alleging that the conveyance from LFA to PFI was made with actual

intent "to hinder, delay, or defraud" plaintiff (Debtor and Creditor Law § 276). The determination of fraudulent intent "is ordinarily a question of fact which cannot be resolved on a motion for summary judgment" (*Grumman Aerospace Corp. v Rice*, 199 AD2d 365, 366). Those parts of the order granting summary judgment to plaintiff on its first and third causes of action are subsumed within the judgment. Defendants' appeal from that order, therefore, is dismissed (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988). (Appeals from Judgment of Supreme Court, Monroe County, Ark, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon and Callahan, JJ.