OPINION OF THE COURT
Per Curiam.
Judgment entered March 5, 1996 affirmed, with $25 costs.
In May 1991 plaintiff sold and delivered approximately $40,000 worth of merchandise to defaulting defendant All Purpose Accessories Ltd. (All Purpose). Plaintiff thereafter commenced this action alleging fraudulent transfer of All Purpose’s assets to defendant-appellant Bag Bazaar Ltd. After a bench trial, the presiding Judicial Hearing Officer awarded plaintiff a recovery of money damages upon a determination, inter alia, that the inventory transfers were made without "fair consideration” in violation of Debtor and Creditor Law § 273, and were actuated by an intent to hinder, delay or defraud All Purpose’s creditors in violation of Debtor and Creditor Law § 276. We conclude that the trial court’s finding of fraud, both actual and constructive, represents a fair interpretation of the evidence, and thus affirm.
The record reveals that All Purpose, a distributor of hair accessories which had generated sales revenues of between $5 and $6 million in both 1989 and 1990, was in a troubled financial condition by mid-1991. During the months of September and October 1991, All Purpose sold four separate lots of (vaguely described) inventory to Bag Bazaar for a total price of just over $25,000. The defense alleges, without providing any supporting documentation, that during this same time period All Purpose sold off its remaining $225,000 of inventory to unnamed third parties in several unrelated transactions, with a "substantial number” of those sales admittedly being "made at less than a hundred cents on a dollar”. Also contemporaneous with the inventory transfers was the hiring by Bag Bazaar — a wholesaler of handbags and diaper bags — of several key All *320 Purpose employees, including its principal, defendant Joseph Shames, who were assigned to a newly created hair accessories division of Bag Bazaar’s sales operation — an entity described in the record as Metro Accessories. Notably, that entity immediately assumed All Purpose’s rental obligations under a commercial lease agreement and took occupancy of the same 37th Street premises that previously had housed All Purpose’s operation. It is not disputed that Bag Bazaar’s president (Sutton), a personal friend of All Purpose’s former principal, defendant Shames, was aware at all relevant times of All Purpose’s "financial problem” and "poor credit” history.
On this record we find a rational basis for a finding that the inventory transfers were not at arm’s length, but were part of "an intercorporate shuffling of assets * * * done in the absence of good faith to take advantage of [All Purpose’s] creditors, thus rendering the conveyances [constructively] fraudulent” (Matter of Superior Leather Co. v Lipman Split Co., 116 AD2d 796, 797; see, Debtor and Creditor Law §§ 272, 273). "An indispensable component of fair consideration is good faith on the part of the judgment debtor [or insolvent transferor] who makes a conveyance” (Matter of Superior Leather Co. v Lipman Split Co., supra, at 797), and the trial court as fact finder reasonably could conclude on this record that the asset transfers here at issue were not imbued with the requisite element of good faith. Further, the evidence clearly and convincingly established a joint purpose between the principals of Bag Bazaar and All Purpose to place the latter’s property out of the reach of creditors while its vital employees continued to do business as usual from the same location, albeit under a different corporate name (see, Marine Midland Bank v Murkoff, 120 AD2d 122, 128-129, appeal dismissed 69 NY2d 875; cf., Southern Indus. v Jeremias, 66 AD2d 178, 181). "Retention of control of the property after a conveyance is regarded as an indication that the conveyance was fraudulent” under Debtor and Creditor Law § 276 (Marine Midland Bank v Murkoff, supra, 120 AD2d, at 129).
While, as a general rule, the creditor’s remedy in a fraudulent conveyance action is "limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance” (Marine Midland Bank v Murkoff, supra, 120 AD2d, at 133), a money judgment may properly be granted as a substitute for those assets in circumstances where, as here, the debtor’s assets "have been sold and commingled with those of [a transferee] * * * (see, Valentine v Richardt, *321 126 NY 272, 277).” (Manufacturers & Traders Trust Co. v Lauer’s Furniture Acquisition, 226 AD2d 1056, 1057, lv dismissed 88 NY2d 962.)
Having sustained the trial court’s imposition of liability under Debtor and Creditor Law article 10, we need not and do not address the plaintiffs alternative theory of recovery.
Ostrau, P. J., Parness and McCooe, JJ., concur.