**RTC MORTGAGE TRUST 1995 S/N1, Plaintiff–Appellee,**

v.

**Jacob I. SOPHER and J.I. Sopher Realty, Inc., Defendants–Appellants.**

**Docket No. 01–7723.**

United States Court of Appeals, Second Circuit.

March 18, 2002.

Jeffrey T. Golenbock, Golenbock, Eiseman, Assor, Bell & Peskoe, New York, NY, for Plaintiff–Appellee.

Philip B. Seaton, Wolf, Block, Schorr and Solis–Cohen LLP, New York, NY, for Defendants–Appellants.

Present CALABRESI, and CABRANES, Circuit Judges, and AMON,* District Judge.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

On April 23, 1987, J.I. Sopher & Co., Inc. ("Sopher & Co.") executed a Mortgage and Security Agreement and Consolidation ("Mortgage"), which secured a note in the principal amount of $4,200,000 in favor of Old State Bank, the mortgagee, covering four condominium units located at 425 East 61st Street, New York, New York ("Note"). In connection with the Note and Mortgage, Sopher & Co. executed a Debt Service Guaranty ("Guaranty") in which Sopher & Co. "unconditionally guaranteed the prompt payment of all interest, charges and debt service payable by [Sopher & Co.] under the Note and/or the Mortgage ... and all operating expenses of the mortgaged premises."

In April 1993, Sopher & Co. ceased making its monthly payments under the Note. In October 1994, Resolution Trust Corporation ("RTC"), as receiver of Old Stone Bank, filed an action to foreclose on the Mortgage in federal court. During the pendency of the foreclosure action, the Mortgage, Note and Guaranty were sold by RTC to RTC Mortgage Trust 1995 S/N1 ("RTC Trust"), which was added as a plaintiff in the foreclosure action.

On March 9, 1996, the district court awarded summary judgment to the plaintiffs and entered a Final Judgment of Foreclosure and Sale, providing for the sale of the mortgaged property, and affording RTC Trust the right to commence separate proceedings against Sopher & Co. to enforce the Guaranty to the extent that the sale of the property resulted in a deficiency.

On April 18, 1996, the mortgaged property was auctioned and sold for $1,500,000. In June 1996, the Trust instituted another action in federal court against Sopher & Co. to recover the deficiency. On April 20, 1998, the district court granted summary judgment to RTC Trust in the amount of $1,889,264.98—this being the difference between the sale price of the mortgaged property and the indebtedness outstanding.

■ RTC Trust subsequently investigated the financial condition of Sopher & Co. and, after determining that the company had no assets, brought the present litigation against Jacob I. Sopher ("Sopher") and J.I. Sopher Realty, Inc. ("Sopher Realty"). In June 1993, Sopher & Co. had transferred the majority of its assets to Sopher Realty, a newly-formed corporation spun-off from Sopher & Co. RTC Trust asserted that this spinoff constituted a fraudulent conveyance designed to avoid liability for the Mortgage, and that therefore Sopher Realty, as the transferee,[2] should pay the adjudicated deficiency.

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

**2.** Sopher, the sole shareholder of both Sopher & Co. and Sopher Realty, was included in the suit because of his alleged participation in the fraudulent transfer. Under New York law, a creditor may recover money damages against parties who participate in the fraudulent transfer and are either transferees of the assets or beneficiaries of the conveyance. *See Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1172 (2d Cir.1993) (applying New York Debtor and Creditor law); *FDIC v. Por-*

A bench trial took place in May 2000. The district court held that the spinoff constituted a (constructive) fraudulent conveyance in violation of § 273 of the New York Debtor & Creditor Law, because it lacked fair consideration, and because Sopher & Co. was insolvent before and immediately after the transfer of assets. The court held alternately that the transfer constituted an (actual) fraudulent conveyance pursuant to § 276 of the New York Debtor & Creditor Law, because the transfer of assets was done with actual intent to hinder, delay or defraud RTC Trust from collecting on the Note, Mortgage and Guaranty. Finally, the court concluded that the amount transferred by Sopher & Co. to Sopher Realty in 1993 was at least $2,600,000. In reaching this conclusion, the court considered, inter alia, the $1,500,000 for which the assets of Sopher Realty were sold in 1997. The court, having found that the amount transferred in 1993 was greater than the adjudicated deficiency, gave judgment to RTC Trust for the full amount of the deficiency plus interest and attorney's fees, for a total of $2,509,765.10.

On appeal, Sopher and Sopher Realty contend that the court's findings of fact regarding Sopher & Co.'s insolvency and its intent to defraud were clearly erroneous. Appellants also contend that the district court misapplied New York Debtor & Creditor Law § 278(1)(a) by including the 1997 sale price of Sopher Realty's assets in its computation of the amount transferred by fraudulent conveyance from Sopher & Co. to Sopher Realty in 1993. Appellants argue that because the amount that can be assessed to a transferee is limited to the amount actually transferred by the fraudulent conveyance, *see, e.g., Hassett v. Goetzmann,* 10 F.Supp.2d 181, 192 (N.D.N.Y. 1998); *Brown v. Kimmel,* 68 A.D.2d 896,

896, 414 N.Y.S.2d 226 (N.Y.App.Div.1979), the district court misapplied the law by 'including' the 1997 sale price.

The district court's findings as to Sopher & Co.'s insolvency and intent to defraud were not clearly erroneous. There was abundant evidence to support both of them. As to appellants' second argument, appellants made no claim in the district court that the value of assets transferred did not exceed the deficiency judgment. Accordingly, any challenge to the court's method of computation was forfeited and need not be reached.

The judgment of the district court is AFFIRMED.

---

co, 75 N.Y.2d 840, 552 N.Y.S.2d 910, 552 N.E.2d 158 (N.Y.1990). Sopher's individual

liability, as distinct from the liability of Sopher Realty, is not contested on appeal.