13-1632-cv(L)
*Ace Investors, LLC v. Robert Rubin, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fourteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges,*

—————————————

ACE INVESTORS, LLC,

*Petitioner-Appellee,*

-v.-                                        Nos. 13-1632-cv(L), 13-2264-cv(con)

ROBERT RUBIN, individually, MARGERY RUBIN, as trustee of the Rubin Family Irrevocable Stock Trust, the Rubin Family Irrevocable Marital Trust, and the Rubin Family Irrevocable Realty Trust,

1

*Respondents-Appellants.*<sup>*</sup>

_____

FOR APPELLEE:      Gary E. Doctorman, Parsons Behle & Latimer, Salt Lake
                   City, UT (J. Michael Bailey, J. Thomas Beckett, Matthew
                   D. Cook, Alan S. Mouritsen, Parsons Behle & Latimer,
                   Salt Lake City, UT; David Graff, Shveta Kakar,
                   Anderson, Kill & Olick, New York, NY, *on the brief*).

FOR APPELLANTS:    Ahmed A. Massoud (Lisa Pashkoff, *on the brief*),
                   Massoud & Pashkoff, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED** in Part, and

**VACATED and REMANDED** in part.

Respondents-Appellants appeal from three decisions of the United States

District Court for the Southern District of New York (Marrero, *J.*) entered on

April 23, 2013, May 8, 2013, and August 20, 2013 respectively.  On April 23, 2013,

the district court entered an Order and Judgment that granted ACE Investors,

LLC's ("Ace") Verified Petition for Special Proceeding and Turnover.  The Order

and Judgment, *inter alia*, (a) augmented a May 17, 2010 stipulated judgment Ace

had obtained against the Rubin Family Irrevocable Stock Trust (the "Stock

_____

<sup>*</sup> The Clerk of the Court is directed to amend the official caption as noted above.

Trust") in the District of Utah (the "Utah Judgment"), (b) imposed joint and several liability against Margery Rubin as Trustee of the Stock Trust, Marital Trust, and Realty Trust (collectively, the "Trusts"), Margery Rubin ("Margery"), individually, and Robert M. Rubin ("Robert"), individually, and (c) attached several of appellants' assets.

On May 8, 2013 the district court entered an Order and Judgment, and corresponding Augmented Judgment ("Augmented Judgment"), which granted Ace's motion to augment the April 23, 2013 judgment to include interest and attorney fees incurred in relation to collecting that judgment. Due to the fact that Margery, the Stock Trust, and the Realty Trust had filed bankruptcy petitions in the time between the April 23, 2013 judgment and the Augmented Judgment, the district court entered the Augmented Judgment against Robert only.[1]

On August 20, 2013, the district court entered an Order denying appellants' Federal Rule of Civil Procedure 60(b)(3) motion to vacate the Judgment and Augmented Judgment. With one minor exception as explained below, we affirm the district court's decisions in full.

---

[1] In the Augmented Judgment, the district court does not indicate whether the Marital Trust had also filed a bankruptcy petition, yet the district court excluded the Marital Trust from its order of judgment.

3

First, contrary to appellants' claim, the May 8, 2013 Order and Judgment satisfies Federal Rule of Civil Procedure 52, which requires district courts, in actions tried on the facts without a jury, to "make sufficiently detailed findings to inform the appellate court of the basis of the decision and to permit intelligent appellate review." *Krieger v. Gold Bond Bldg. Prods.*, 863 F.2d 1091, 1097 (2d Cir. 1988). Although conclusory in part, the district court's citations to the record – including direct reference to the April 5, 2013 hearing concerning Ace's petition – and to relevant law permit intelligent appellate review.

The undisputed evidence also supports the district court's conclusion that the December 20, 2007 transfer of over $7.4 million from the Stock Trust's UBS Account to the Marital Trust's Merrill Lynch account constituted actual fraud under N.Y. D.C.L. § 276.[2] *See Wall St. Associates v. Brodsky*, 257 A.D.2d 526, 529 (1st Dep't 1999). First, the Rubins' own deposition testimony reveals that Robert was an insider who improperly managed the trusts, and that Margery abdicated her role as Trustee of the Stock Trust, Marital Trust, and Realty Trust, and permitted Robert to make every decision regarding the Trusts' assets. *See Lending Textile, Inc. v. All Purpose Accessories Ltd.*, 664 N.Y.S.2d 979, 981 (1st Dep't

---

[2] Although a total of four transfers were at issue, we need only address the 2007 transfer because it is sufficient to support the district court's imposition of liability.

1997).  Moreover, the 2007 transfer's timing – occurring roughly three weeks after the Stock Trust received a Notice of Default from Ace – is a signature "badge[] of fraud."  *See In re Kaiser*, 722 F.2d 1574, 1582-83 (2d Cir. 1983).

Having determined that appellants were liable for actual fraud, the district court had authority to impose judgment on all appellants even though the Utah Judgment was against the Stock Trust only.  When fraudulently transferred assets no longer exist or are no longer in the transferee's possession, "a money judgment may be entered against the transferee in an amount up to the value of the fraudulently transferred assets."  *In re Adelphia Recovery Trust*, 634 F.3d 678, 693 (2d Cir. 2011) (quoting 30 N.Y. Jur. 2d Creditors' Rights & Remedies § 446). Given the magnitude of the 2007 transfer and the fact that the Rubins participated in and benefited from the 2007 transfer, liability against the Rubins and the Marital and Realty trusts was proper.  *See FDIC v. Porco*, 75 N.Y.2d 840, 842 (1990) (per curiam).

The district court's award of attorneys' fees was also proper.  The Utah Judgment entitled Ace to "attorneys fees to collect the judgment."  *Ace Investors, LLC v. Margery Rubin, as Trustee of the Rubin Family Irrevocable Stock Trust*, Order, No. 2:08-cv-289 TS (D. Utah  May 17, 2010).  We have no reason to believe that

any of the subject fees were incurred for purposes other than to collect the Utah Judgment.

Finally, the record supports the district court's decision to deny appellants' Rule 60(b)(3) motion, which we review for abuse of discretion. *See Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002). Rule 60(b)(3) motions "cannot serve as an attempt to relitigate the merits" and may only be granted when the movant establishes a material misrepresentation or fraud by "clear and convincing evidence." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Appellants premise their motion on the claim that Ace procured the April 23 and May 8 judgments through fraud by misrepresenting to the district court that the UBS account involved in the 2007 transfer belonged to the Stock Trust. To support this claim, appellants rely on a July 30, 2013 affidavit and corresponding exhibits that, according to appellants, confirm that the UBS account belonged to the Marital Trust. Even were we to consider this evidence, the record at the time of the district court's prior judgments supported Ace's claim that the UBS account belonged to the Stock Trust; in fact, the Rubins had previously provided Ace with a document that unequivocally identified the UBS account as belonging to the Stock Trust. Moreover, because appellants have not

justified their failure to timely raise this argument, which relies on documents in the Rubins' control, we consider the argument forfeited as it applies to appellants' arguments on the merits. *See Taylor v. Vermont Department of Education*, 313 F.3d 768, 794-95 (2d Cir. 2002).

We do find one error in the Augmented Judgment that requires remand. Specifically, the district court improperly awarded Ace costs attributable to Ace's expert witness. District courts have "no discretion to award costs not authorized by statute or contractual provision," and, with respect to experts, 28 U.S.C. § 1920 permits shifting costs for court appointed experts only. *U.S. Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 171, 173 (2d Cir. 1996). As such, we vacate the Augmented Judgment to the extent it improperly awarded costs as to Ace's experts, and remand so that the district court may correspondingly revise the Augmented Judgment.

We have considered appellants' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED** in part, and **VACATED and REMANDED** in part. The Clerk of the Court is directed to issue the mandate within seven days from the filing of this

order unless defendants obtain a stay from the Supreme Court of the United

States of America.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk