■ CANTOR FITZGERALD & Co., Respondent, v 8AN CAPITAL PARTNERS MASTER FUND, L.P., et al., Defendants, and PHILIP EYTAN, Appellant. [16 NYS3d 733]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered January 16, 2015, which denied defendant Philip Eytan's motion to dismiss the complaint as against him, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The motion court should have granted defendant's motion. The complaint alleges that defendant knew of and participated in the alleged fraudulent transfer of assets but fails to allege that he is the transferee, and further fails to allege, in anything other than conclusory fashion, that he benefited from the transfer, as required to state a cause of action for fraudulent conveyance (Debtor and Creditor Law §§ 273, 276; *Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840, 842 [1990]; *Symbax, Inc. v Bingaman,* 219 AD2d 552, 553-554 [1st Dept 1995]). Moreover, while defendant is an officer of both defendant transferor and transferee corporations, "receipt of a salary from the

transferee corporation as an officer of the corporation is not sufficient to render the officer a transferee or beneficiary of the transfer" (*D'Mel & Assoc. v Athco, Inc.*, 105 AD3d 451, 452-453 [1st Dept 2013] [internal quotation marks and citation omitted]). As there are no other nonconclusory allegations sufficient to hold defendant individually liable for the fraudulent transfer, the complaint should be dismissed as against him (*see Riback v Margulis*, 43 AD3d 1023, 1023 [2d Dept 2007]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.