15-2375-cv(L)
Villoldo v. BNP Paribas S.A.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand sixteen.

PRESENT:  ROBERT D. SACK,
                REENA RAGGI,
                CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

------------------------------------------------------------------------

ALFREDO VILLOLDO, individually, GUSTAVO E. VILLOLDO, individually, as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos,

                *Plaintiffs-Appellants*,

                    v.

BNP PARIBAS S.A., BNP PARIBAS NORTH AMERICA, INC., HSBC BANK USA, N.A., HSBC HOLDINGS PLC, ING BANK, N.V.,

                *Defendants-Appellees*.

------------------------------------------------------------------------

Nos.   15-2375-cv(L);
            15-2376-cv(Con);
            15-2377-cv(Con)

APPEARING FOR APPELLANTS:        ANDREW C. HALL, Hall, Lamb and Hall, P.A., Miami, Florida.

APPEARING FOR APPELLEES:         CARMINE    D.    BOCCUZZI    (Diego Zambrano, Jonathan I. Blackman, and Abena A. Mainoo, Cleary Gottlieb Steen & Hamilton LLP, New York, New York; Karen Patton

1

Seymour, Richard C. Pepperman, II, Bruce E. Clark, and Matthew J. Porpora, Sullivan & Cromwell LLP, New York, New York, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, New York.

Appeal from three judgments of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on July 23, 2015, are AFFIRMED.

Plaintiffs, default judgment creditors against the Republic of Cuba ("Cuba"), appeal from the dismissal of their civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, see 18 U.S.C. § 1962, and New York state law claims for fraudulent transfer and tortious interference. Plaintiffs argued that defendants violated United States banking laws by processing U.S. dollar transactions involving Cuba up to 2010, and in doing so interfered with their ability to collect on their default judgment against Cuba, obtained in 2011 and domesticated in the Southern District of New York in 2012. We review a judgment of dismissal de novo, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. RICO

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (internal quotation marks omitted). The district court found the second element wanting, reasoning that insofar as the default judgment was the alleged impaired property, it could not have been injured by defendants' alleged RICO violations because plaintiffs did not obtain their default judgment until after the RICO violations had ended. We agree. This court has made clear that a mere "expectation" cannot constitute "business or property" under RICO. McLaughlin v. Am. Tobacco Corp., 522 F.3d 215, 228 (2d Cir. 2008), abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co., 553 U.S. 639 (2008).

In urging otherwise, plaintiffs argue that their right to bring an action against Cuba at the time of defendants' wrongdoing constituted a property right cognizable under RICO. We have recognized a chose in action as a property right under the federal mail fraud statute, a RICO predicate, see Porcelli v. United States, 303 F.3d 452, 455 (2d Cir. 2002) (citing United States v. Porcelli, 865 F.2d 1352, 1359–62 (2d Cir. 1989)), and courts within this circuit have found interference with the ability to bring suit actionable under RICO, see United States v. Eisen, No. CR-90-00018, 1990 WL 164681, at *3 (E.D.N.Y. Oct. 19, 1990), aff'd, 974 F.2d 246 (2d Cir. 1992). But Porcelli involved the deprivation of sales tax revenue, the state's right to which was indisputable at the time of collection, see 865

3

F.2d at 1361; see also Pasquantino v. United States, 544 U.S. 349, 355 (2005) ("Canada's right to uncollected excise taxes on the liquor petitioners imported into Canada is 'property' in its hands."), and Eisen involved interference with a claimholder's right to bring suit at all, see 1990 WL 164681, at *3. Defendants did not interfere with plaintiffs' right or ability to bring suit against Cuba, and plaintiffs had no non-speculative property right to collect compensatory damages from Cuba until their lawsuit resulted in the entry of judgment in 2011. The hope of collecting upon a judgment if one's suit proves successful is precisely the sort of mere expectation that is too speculative to constitute a property right within the meaning of 18 U.S.C. § 1962. See McLaughlin v. Am. Tobacco Corp., 522 F.3d at 228; see also Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist., 786 F.3d 400, 409 (5th Cir. 2015) ("Injury to mere expectancy interests or to an intangible property interest is not sufficient to confer RICO standing." (internal quotation marks omitted)).

Because plaintiffs' RICO claim was correctly dismissed on this ground, we need not consider whether dismissal is further supported by a failure plausibly to allege causation or enterprise. We therefore affirm the dismissal of plaintiffs' RICO claims.

2. State Law Claims

We affirm the dismissal of plaintiffs' state law claims for substantially the reasons stated by the district court. Conclusory allegations that defendants intended to frustrate creditors of Cuba, see App'x 40, 196, 336, do not meet the heightened pleading standard of Fed. R. Civ. P. 9(b). See In re Sharp Int'l Corp., 403 F.3d 43, 56 (2d Cir. 2005) (holding

4

that plaintiff must satisfy specific pleading requirements of Rule 9(b) to state actual fraudulent transfer claim under New York law).

With respect to the tortious interference claim made only against the BNP Paribas defendants, the district court concluded that, to state such a claim under New York law, a plaintiff must have a concrete interest in the property at the time of transfer. See Special App'x 7–8 (citing Federal Deposit Ins. Corp. v. Porco, 147 A.D.2d 422, 422–23, 538 N.Y.S.2d 261, 261 (1st Dep't 1989), aff'd, 75 N.Y.2d 840, 552 N.Y.S.2d 910 (1990)). Plaintiffs do not contest this understanding of New York law and, therefore, we assume without deciding that any conduct before 2011 cannot support their tortious interference claim. Insofar as plaintiffs contend that they alleged behavior continuing to 2012, rather than ending in 2010, that argument was not raised below and is, therefore, forfeited. See New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 662 (2d Cir. 2015). In any event, it is meritless because the lone allegation that the BNP Paribas defendants contravened sanctions against multiple countries, including Cuba, up to 2012, see App'x 19, is insufficient to raise a plausible inference of illegal transfers involving Cuba after 2010 in light of the complaint's repeated statements that the Cuban transfers only occurred through and including 2010, see id. at 21, 22, 32. Accordingly, we affirm dismissal of plaintiffs' tortious interference claim.

3.    <u>Conclusion</u>

We have considered all of plaintiffs' remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court