**H. DAYA INTERNATIONAL
CO., LTD., Plaintiff,**

v.

**DO DENIM LLC et al., Defendants**

**16 Civ. 8668 (VM)**

United States District Court,
S.D. New York.

Signed June 15, 2017

Dennis Grossman, Great Neck, NY, Justin Heyn Scheier, The Scheier Law Firm, LLC, Morristown, NJ, for Plaintiff.

Harlan Mitchell Lazarus, Lazarus & Lazarus, P.C., Bruce Roy Millar Ewing, Elizabeth Rozon Baksh, Dorsey & Whitney LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Plaintiff H. Daya International Co. Ltd. ("H. Daya") brought this action against Do Denim LLC ("Do Denim"), Reward Jean LLC ("Reward Jean"), R. Siskind & Co., Inc. ("Siskind & Co."), Salomon Murciano ("Murciano"), Vintage Apparel Group LLC ("Vintage Apparel"), Only Brands, Inc. ("Only Brands"), and Richard Siskind ("Siskind") (collectively, "Defendants") to enforce a prior judgment against Do Denim and Reward Jean. ("Amended Complaint," Dkt. No. 56.) H. Daya alleges that Do Denim and Reward Jean fraudulently transferred assets to Vintage Apparel, Siskind, Murciano, and Siskind & Co. in order to shield those assets from H. Daya, in violation of New York Debtor & Creditor Law Sections 272–278. (See id. ¶ 1.)

By letter dated April 11, 2017, Siskind requests that H. Daya voluntarily dismiss the claim against him on the ground that the Amended Complaint fails to allege sufficiently that he was involved in the fraudulent transfer of funds, the trademark registration, or the cancellation of that registration. (See Dkt. No. 64, at 2.) The Court now construes Siskind's April 11 letter as a motion to dismiss H. Daya's claim against him for fraudulent conveyance. ("Motion," Dkt. No. 64, at 2.) For the reasons discussed below, Siskind's Motion is DENIED.

## I. BACKGROUND [1]

On June 29, 2012, H. Daya obtained a default judgment in this Court entered against Do Denim and Reward Jean to recover damages for breach of contract by Do Denim and Reward Jean by reason of their failure to pay for goods sold and delivered to them by H. Daya. See H. Daya International Co., Ltd., v. Do Denim LLC, No. 11 Civ. 4028, 2012 WL 2524729, at *1 (S.D.N.Y June 29, 2012) (the "Prior Judgment.")

H. Daya then brought this action against Defendants to enforce the Prior Judgment. (Amended Complaint ¶ 1.) H. Daya alleges that Do Denim and Reward Jean, in violation of New York Debtor & Creditor Law Sections 272–278, fraudulently transferred assets to Vintage Apparel, Siskind, Murciano, and Siskind & Co. in order to shield those assets from H. Daya's attempts to enforce the Prior Judgment. (See id.) H. Daya now seeks to recover those funds. (See id.)

Murciano owns Do Denim and Reward Jean. (See id. ¶ 35.) Siskind and Murciano each own 50 percent of Vintage Apparel and Siskind & Co., the companies that received the alleged fraudulent transfer of funds from Do Denim and Reward Jean. (See id. ¶ 39.)

The Amended Complaint asserts a claim for fraudulent conveyance against Siskind in his individual capacity. H. Daya alleges that, after entry of a judgment against Do Denim and Reward Jean, "[d]uring the period May 2, 2011–Oct. 17, 2011, Do Denim and Reward Jean transferred to Siskind & Co. and its owner Richard Siskind sum $3,996,714.50." (Id. ¶ 38.) Of this amount, the Amended Complaint alleges that $2,232,477.53 was fraudulently con-veyed to avoid satisfying the Prior Judgment. (See id.) H. Daya claims that this transfer was "without fair consideration and/or with actual intent to hinder, delay or defraud H. Daya in the collection of the $1,157,012.23 judgment in its favor from the prior action." (Id. ¶ 39.)

The Amended Complaint further alleges that Do Denim and Reward Jean transferred the valuable Do Denim trademark to "Vintage Apparel and to its principals Richard Siskind and Murciano," who cancelled it and then re-registered it in the name of Only Brands to shield that asset. (Id. ¶ 48–49.)

Siskind moves to dismiss the claim against him on the ground that the Amended Complaint fails to allege facts demonstrating that he was involved in the fraudulent transfer of funds, the trademark registration, or the cancellation of that registration. (See Motion at 2.) Siskind argues that in the absence of any such allegations, he is not a transferee or beneficiary of the fraudulent transfers and therefore cannot be held liable for it. Siskind further contends that H. Daya's attempts to tie Siskind to the purported fraudulent transfers "by merely referring to him as a 'transferee-defendant,' or generally identifying his role as president/owner/principal of Siskind & Co. and Vintage Apparel are insufficient to state a claim and impose personal liability on him." (Id.)

By letter dated April 24, 2017, H. Daya argues that the Amended Complaint contains "sufficient allegations" against Siskind to survive a motion to dismiss. ("Opposition," Dkt. No. 63, at 2.) Specifically, H. Daya argues that "[t]he Amended Complaint contains detailed and specific allegations of transfers from [Do Denim] and

1. Unless otherwise noted, the facts are taken from the Amended Complaint (Dkt. No. 56) and are accepted as true for the purposes of this Rule 12(b)(6) motion. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

[Reward Jean] to [Siskind] and his company [Siskind & Co.] (which he co-owns and controls) of millions of dollars of cash transfers, ... [and] of the valuable 'Do Denim' Trademark ....' " (Id. at 2.)

## II. DISCUSSION

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555, 127 S.Ct. 1955. The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F.Supp.2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Chambers, 282 F.3d at 152 (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

■ "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law Section 276. Under New York law, only transferees or

beneficiaries of a fraudulent conveyance are liable to a creditor. See F.D.I.C. v. Porco, 75 N.Y.2d 840, 842, 552 N.Y.S.2d 910, 552 N.E.2d 158 (1990). The reason for this rule is that "the creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance." Roselink Investors, L.L.C. v. Shenkman, 386 F.Supp.2d 209, 226–27 (S.D.N.Y. 2004). "Therefore, there can be no action for damages against a party who did not receive any of the property sought by the creditors." Id. at 227.

■ The owners of a corporation are liable as transferees only if there is evidence that money was transferred to them in their individual capacity, not just to the corporation they own. See Brenner v. Philips, Appel & Walden, Inc., No. 93 Civ. 7838, 1997 WL 33471053, at *4 (S.D.N.Y July 22, 1997). In order to recover damages for a fraudulent transfer, there must be evidence of a direct transfer to the prospective defendant, not merely evidence that a transfer occurred. See id. at *5. A defendant's status as an officer of a corporation which receives a fraudulent transfer is insufficient to support a finding that the officer a transferee. See Cantor Fitzgerald & Co. v. 8an Capital Partners, 132 A.D.3d 402, 16 N.Y.S.3d 733, 734 (1st Dep't 2015). "An owner who is not a transferee of a fraudulent conveyance should not be treated any differently than an officer of the corporation." Brenner, 1997 WL 33471053, at *1.

■ The Amended Complaint sufficiently alleges that the fraudulent transfers were made to Siskind in his individual capacity. H. Daya alleges that "Do Denim and Reward Jean transferred to Siskind & Co. and its owner ... Siskind sum $3,996,714.50." (Amended Complaint ¶ 38.) H. Daya further alleges that Do Denim

and Reward Jean transferred the valuable Do Denim trademark to "Vintage Apparel and to its principals ... Siskind and Murciano," who cancelled it and then re-registered it in the name of Only Brands to shield that asset. (Amended Complaint ¶ 48–49.) H. Daya's opposition further clarifies that its allegations are not limited to Siskind's role as a shareholder. The Opposition states that "[t]he Amended Complaint contained detailed and specific allegations of transfers from the judgment-debtor defendants to defendants Richard Siskind and his company R Siskind & Co. ...." (Opposition at 2 (emphasis added).) Even if the Amended Complaint's allegations created an ambiguity with respect to Siskind's individual role in the allegedly fraudulent transfers, resolving doubts and drawing all reasonable inferences in H. Daya's favor, as the Court must do at this stage of the proceedings, the Court is persuaded that the Amended Complaint sufficiently states a claim against Siskind individually for fraudulent conveyance.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 64) of defendant Richard Siskind to dismiss the Amended Complaint (Dkt. No. 56) against him is **DENIED**.

**SO ORDERED.**