Ninth Space LLC v Goldman (2021 NY Slip Op 01853)





Ninth Space LLC v Goldman


2021 NY Slip Op 01853


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 655957/17 Appeal No. 13445 Case No. 2020-02256 

[*1]Ninth Space LLC et al., Plaintiffs-Appellants,
v
James Goldman et al., Defendants, The Bluestone Group et al., Defendants-Respondents.


Dewey Pegno & Kramarsky LLP, New York (Anders W. Pauley of counsel), for appellants.
Parness Law Firm, PLLC, New York (Hillel I. Parness of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen), entered on or about March 12, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Bluestone Group and DEG Investor, LLC (the Bluestone defendants) to dismiss the amended complaint pursuant to CPLR 3211(a)(7), unanimously reversed, on the law, with costs, and the motion denied.
The amended complaint is defective because it merely alleges that the Bluestone defendants participated in fraudulent transfers, without alleging that they were a transferee of the assets or benefited in any way from the transfers (see e.g. Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 841-842 [1990]). However, a defective complaint will not be dismissed where affidavits and other evidence amplify inartfully pleaded but potentially meritorious claims (see AG Capital Funding Partners, L.P. v State St. Bank and Trust Co., 5 NY3d 582, 591 [2005]; Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]). Plaintiffs rely on evidence submitted by the Goldman defendants in opposition to the Bluestone defendants' motion to dismiss which suggests that the Bluestone defendants may have participated in and benefitted from the alleged fraudulent transfers. This evidence indicates that plaintiffs have potentially meritorious fraudulent conveyance claims against the Bluestone defendants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021