Matter of YH Lex Estates LLC v Bartolacci (2023 NY Slip Op 06500)

Matter of YH Lex Estates LLC v Bartolacci

2023 NY Slip Op 06500

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 151267/22 Appeal No. 1265-1266 Case No. 2022-3230, 2022-3231 

[*1]In the Matter of YH Lex Estates LLC, Petitioner-Respondent,
v
Ranee A. Bartolacci et al., Respondents-Appellants, Nir Meir, Respondent. 

Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, New York (Dan Rottenstreich of counsel), for appellants.
Susman Godfrey LLP, New York (Mark H. Hatch Miller of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered June 6, 2022, granting the petition and requiring respondents to pay petitioner $13,903,573.02, consisting of $12,587,387.52 in principal and $1,315,985.50 in pre-judgment interest, unanimously affirmed, without costs. Appeal from order, entered May 3, 2022, same court and Justice, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Respondents are incorrect that summary judgment was unavailable on a fraudulent conveyance claim under Debtor and Creditor Law § 273(a). In a proper case, the requisite fraudulent intent can be established on summary judgment (see e.g. 5706 Fifth Ave., LLC v Louzieh, 108 AD3d 589 [2d Dept 2013]).
Contrary to respondents' arguments, the finding of intent under Debtor and Creditor Law § 273 relates solely to the transferor's intent, not that of respondent transferees (id.; Kashan v Kosoff, 112 AD2d 350, 351 [2d Dept 1985]).
Judgment in the amount that respondents actually received was the appropriate remedy under the statute (Sullivan v Kodsi, 373 F Supp 2d 302, 309 [SD NY 2005]). The court did not abuse its discretion in setting the date for the calculation of prejudgment interest (see Matter of Mogil v Building Essentials, Inc., 129 AD3d 1378, 1380 [1st Dept 2015]).
Finally, we do not reach respondents' argument, made for the first time in reply on this appeal that respondents were mere "conduits" for the transfer. In any event, it was definitively established that respondents received and had dominion over the transferred funds (cf. Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023